786 P.2d 575

**The HEIRS AND DEVISEES OF Archie A. GROVER, Especially Joanne Stosich, Samuel Dean Grover, Daniel E. Grover, Sherry A. Lang, Kathleen Grover Barnes, Joseph A. Grover, Roger Kim Grover, Kay Galzada, and John B. Grover, Plaintiffs–Respondents,**

**v.**

**Clay ROSELLE, Defendant–Appellant,**

**and**

**Pierce Roselle and Jane Doe Roselle, husband and wife, and Jane Doe Roselle, Defendants.**

**No. 17406.**

Court of Appeals of Idaho.

Jan. 4, 1990.

Petition for Review Denied
Feb. 15, 1990.

---

Clay Roselle, Lima, Montana, pro se.

Holden, Kidwell, Hahn & Crapo, Idaho Falls, for respondents. Jesse M. Wheiler argued.

HART, Judge, Pro Tem.

This is a property dispute case. On appeal, Clay Roselle challenges a summary judgment quieting title to real property located in Clark County in favor of the respondents, Joanne Stosich and other heirs of Archie Grover (hereinafter collectively identified as the Grover heirs). Roselle contends that the Grover heirs obtained title to the disputed property through fraud and misrepresentation, and in contravention of Roselle's constitutionally protected right to due process. In rendering its decision, the district court found that Roselle had no interest in the disputed property. For reasons explained below, we affirm.

The essential facts of this case are as follows. The property in question, approximately twenty-six acres, lies along the Idaho–Montana border and is adjacent to other lands owned separately by the parties to this action. In 1978, Pierce Roselle—Clay Roselle's brother—brought an action against the Grover heirs to quiet his title to the disputed land. At the time of this action, Pierce Roselle was the record owner of the property in question. In 1986, the parties reached an agreement giving the Grover heirs title to the land. Based upon the parties' agreement, the district court entered judgment in favor of the Grover heirs on July 28, 1986 (Case I). The next day Clay Roselle, who previously had not been a party, filed a motion requesting a hearing and seeking to set aside the judgment in Case I. He contended that, prior to the settlement between Pierce Roselle and the Grover heirs, Pierce had verbally agreed to transfer the property to him. The district court denied Roselle's motion. No appeal was filed.

Pursuant to the judgment entered in Case I, the Grover heirs attempted to establish boundaries and to take possession of the disputed land. However, Roselle interfered with their attempts to do so. Furthermore, in April, 1987, Roselle filed a quit claim deed with the county clerk allegedly reflecting a transfer of his brother's interest in the disputed property to him. The Grover heirs then initiated this quiet title action against both Clay and Pierce Roselle, further seeking damages for trespass and slander of title. The district court granted the Grover heirs' motion for partial summary judgment on the quiet title claim, concluding that Roselle had no interest in the disputed property (Case II). The question of damages was reserved for future proceedings. The judgment was certified as being final by the district court. I.R.C.P. 54(b). This appeal by Roselle followed.

Roselle argues that, because his brother Pierce intended to convey title to the disputed property to him in 1985, he—Clay Roselle—was the true owner of the property prior to the judgment in Case I quieting title in favor of the Grover heirs. As proof

of his contention, Roselle asserts that a letter written to him by Pierce Roselle—dated April 2, 1985—indicates his brother's intent to transfer the property. Therefore, Roselle contends that, because the district court in Case I originally failed to consider his interest in the property, the district court in Case II should not have quieted title to the property again in the Grover heirs' favor.

We disagree. Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c); *Provident Federal Savings and Loan Association v. Idaho Land Developers, Inc.*, 114 Idaho 453, 757 P.2d 716 (Ct.App.1988). In this case, Roselle wishes to collaterally attack the judgment in Case I by proving that he had a reversionary interest in the disputed property preceding the judgment in that case, thereby enabling him to challenge the district court's judgment in Case II quieting title in favor of the Grover heirs. However, the undisputed facts indicate that Pierce Roselle was the record owner of the disputed property on the date the judgment was entered in Case I. Clay Roselle had no interest of record in the disputed property prior to filing his quit claim deed in April, 1987. The Grover heirs' ownership interest in the property had already been judicially determined by that time.

■ In an analogous situation, the Idaho Supreme Court has held that a party wishing to collaterally attack voidable provisions of a divorce decree may do so only if the decree prejudices rights of the party accrued prior to its rendition. *Johnson v. Hartford Insurance Group*, 99 Idaho 134, 578 P.2d 676 (1978). We believe that the rule in *Johnson* is applicable here, barring Roselle's ability to collaterally attack the judgment in Case I, because Roselle had no cognizable interest in the disputed property prior to that obtained by the Grover heirs through the judgment in that action.

■ In reaching our conclusion, we further note that the letter allegedly memorializing Pierce Roselle's intent to transfer the disputed property to Roselle is insufficient to establish a genuine issue of material fact regarding title to the property. The letter would be material only if it went beyond a mere statement of intent and constituted a document of conveyance. However, the letter is vague; it does not describe the property fully and it does not contain language of conveyance.

■ In any event, we note that although Roselle appeared in Case I by filing his belated motion to set aside the judgment, he did not appeal the judgment or the order denying his motion. Consequently, the judgment became final as to him as well as to the other parties. A final judgment may be collaterally attacked for fraud or lack of jurisdiction; however, in this case, Roselle has not alleged particular facts sufficient to frame a genuine issue of fraud, and he has not established any defect of the court's jurisdiction in Case I. He has, of course, asserted that Case I was wrongly decided, but an assertion of error does not demonstrate a lack of jurisdiction. *Brown's Tie & Lumber Co. v. Kirk*, 109 Idaho 589, 710 P.2d 18 (Ct.App.1985).

■ The district court's judgment in Case II, again quieting title to the disputed property in favor of the Grover heirs is therefore affirmed. Because this appeal has presented no genuine issue of material fact, nor any substantial issue of law, we conclude that Roselle's appeal was brought unreasonably and without foundation. Attorney fees and costs are therefore awarded to the Grover heirs under I.C. § 12–121, in an amount to be determined by I.A.R. 41(d).

BURNETT and SWANSTROM, JJ., concur.