789 P.2d 526

**Clay ROSELLE, Plaintiff–Appellant,**

**v.**

**The HEIRS AND DEVISEES OF Archie A. GROVER, especially Joanna Stosich, Samuel Dean Grover, Daniel A. Grover, Sherry A. Lang, Kathleen Grover Baines, Joseph A. Grover, Roger Kim Grover, Kay Calzada and John B. Grover, Defendants–Respondents.**

No. 17858.

Court of Appeals of Idaho.

March 13, 1990.

Petition for Review Denied April 27, 1990.

Clay Roselle, Lima, Mont., pro se.

Holden, Kidwell, Hahn & Crapo, Idaho Falls, for defendants-respondents. Jesse M. Wheiler, argued.

SWANSTROM, Judge.

Clay Roselle of Lima, Montana, appeals a district court order dismissing his claims against the heirs and devisees of Archie Grover (hereinafter the Grover heirs). This is the third lawsuit involving Clay Roselle and the Grover heirs. We agree with the district court that the final judgments in the two previous actions are a bar to the claims presented here. Accordingly, we affirm the order of the district court.

In 1978, Pierce Roselle, Clay's brother, brought an action against the Grover heirs to quiet title to real property located in Clark County, Idaho. (Case I) Eventually, the parties—through their attorneys—stipulated to the entry of a judgment on July 28, 1986, which quieted title in the Grover heirs. The judgment adopted a certain sur-

vey as the true boundary line between land belonging to Pierce Roselle and land belonging to the Grover heirs and established responsibilities for certain fencing along property lines. Although he had not been a party to that action, Clay Roselle immediately filed a request for a hearing to set aside the judgment, claiming to have an interest in the property. A month later Pierce Roselle moved for relief from the judgment. The court denied these requests in a decision filed October 14, 1986. No appeal was taken in Case I.

The controversy over the property did not end there. Clay Roselle continued to dispute the Grover heirs' ownership and possession of the real property. He recorded a deed from his brother, Pierce, purporting to give him an interest in the property. Clay Roselle also built a fence upon the disputed property. This interference prompted the Grover heirs to bring an action against the Roselle brothers in May 1987 to again quiet title to the parcel of real property. (Case II) The Grover heirs also sought damages for trespass and slander of title. In that action, the district court granted a motion for partial summary judgment quieting title in favor of the Grover heirs. Later, the court issued a final judgment which was entered on February 8, 1988. Clay Roselle appealed but Pierce Roselle did not. We affirmed the partial summary judgment in Case II. *See Heirs and Devisees of Archie A. Grover v. Roselle*, 117 Idaho 184, 786 P.2d 575 (Ct. App.1990) (review denied).

Five months after he appealed the judgment in Case II, Clay Roselle filed the present action against the Grover heirs. His complaint asked the district court to declare the judgment in Case I void for fraud and for lack of jurisdiction; to declare that Clay Roselle's deed from his brother Pierce was valid; to quiet his title to the property; and to award him damages from the Grover heirs.

The Grover heirs moved to dismiss the complaint under I.R.C.P. 12(b) for failure to state a claim on which relief can be granted. They also asserted that the complaint was a collateral attack upon the 1986 judgment in Case I which, under I.R.C.P. 60(b), should have been brought within one year. Finally, they contended that Clay Roselle's "successive" attempts to collaterally attack the judgment were not proper. The Grover heirs also moved to dismiss the complaint for lack of service of process against the heirs individually. The district court granted these motions, resulting in this appeal.

The questions we have been asked to address are: (1) whether Clay Roselle's collateral attack of the stipulated judgment is proper; (2) whether the district judge erred by refusing to voluntarily disqualify himself pursuant to I.R.C.P. 40(d); (3) whether the judge erred in dismissing Roselle's claim pursuant to I.R.C.P. 12(b)(6); (4) whether Roselle's service of process upon the defendants was sufficient; and (5) whether either party is entitled to damages, attorney fees and costs.

■ As to the first issue, the Grover heirs argue that Clay Roselle's collateral attack of the 1986 "stipulated" judgment is improper and untimely. The Grover heirs rely on I.R.C.P. 60(b) in support of this contention. The rule allows a party to file a motion for relief from a judgment on the grounds of fraud within six months of the judgment. The rule also states:

This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside, as provided by law, within one (1) year after judgment was entered, a judgment obtained against a party who was not personally served with summons and complaint either in the state of Idaho or in any other jurisdiction, and who has failed to appear in said action, or to set aside a judgment for fraud upon the court.

Clay Roselle became a "party" to Case I—for the purposes of this rule—when he filed a request for relief from the stipulated judgment. Even if we compute the allowable time for filing an independent action from October 14, 1986, when the order was entered denying any relief from the judgment, Clay Roselle's present action was untimely. He did not file the complaint until August 19, 1988. Neverthe-

less, we choose not to uphold the order of dismissal solely on this ground. Although Roselle's fraud claim is untimely, his claim that the judgment was void for lack of jurisdiction is not necessarily subject to the same one-year limitation period. The order can be upheld, however, for another reason.

█ It is apparent that the action is the third attempt by Clay Roselle to attack the validity of the 1986 judgment. That judgment, in Case I, is final. It conclusively settled any claim that Pierce Roselle had to ownership of the disputed property. It had the same effect upon other persons—such as Clay Roselle—who might have claimed an interest through Pierce, but whose interest was not a matter of public record when the judgment was entered.

Even though Clay Roselle did not bring an independent action within the time permitted under Rule 60(b), he nevertheless was presented with a second opportunity to gain relief from the 1986 judgment. This occurred within a year of the judgment when the Grover heirs filed Case II against Pierce and Clay Roselle after Clay Roselle recorded a quitclaim deed from Pierce and otherwise allegedly interferred with the Grover heirs' use and ownership of the property described in the 1986 judgment. Clay Roselle answered the complaint, making general allegations that the 1986 judgment was void because of fraud and because the court lacked jurisdiction. After a hearing, the court determined that the Grover heirs were entitled to partial summary judgment quieting their title as against Clay and Pierce Roselle. The court reserved for later decision the issue of damages claimed by the Grover heirs as a result of trespass and interference with the owners' title. Clay Roselle's motion for reconsideration was denied. The court decided not to award damages to the Grover heirs but a final judgment was entered awarding them costs and attorney fees. Clay Roselle filed a timely motion for a new trial. At the same time he filed a Rule 60(b) motion for relief from the judgment. He then filed a timely notice of appeal without waiting until he obtained a ruling on either of his post-judgment motions. As

far as the record shows, those two motions are still pending in Case II.

As noted, Clay Roselle's appeal in Case II was assigned to this Court and we affirmed the judgment. *See Heirs and Devisees of Archie A. Grover v. Roselle, supra.* There we said:

> [W]e note that although [Clay] Roselle appeared in Case I by filing his belated motion to set aside the judgment, he did not appeal the judgment or the order denying his motion. Consequently, the judgment became final as to him as well as to the other parties. A final judgment may be collaterally attacked for fraud or lack of jurisdiction; however, in this case, Roselle has not alleged particular facts sufficient to frame a genuine issue of fraud, and he has not established any defect of the court's jurisdiction in Case I. He has, of course, asserted that Case I was wrongly decided, but an assertion of error does not demonstrate a lack of jurisdiction.

117 Idaho at 186, 786 P.2d at 577. Our decision in that case is now final.

We return our attention to the present action, Case III. As we have noted, Clay Roselle filed this action while his appeal of Case II was pending. He again seeks to have the stipulated judgment declared void on the grounds of fraud upon the court and upon the grounds of lack of jurisdiction over the subject matter and over his person. Clay Roselle also asks the district court to quiet his own title to the property described in the quitclaim deed from his brother. He seeks an award of punitive damages against the Grover heirs. However, the claim he pursues here is barred by the principle of res judicata.

Res judicata denotes "a thing or matter settled by judgment." BLACK'S LAW DICTIONARY 1174 (rev. 5th ed. 1979). The doctrine of res judicata precludes the relitigation of a matter previously adjudicated. Functionally, the doctrine has two components—claim preclusion and issue preclusion.

> "[C]laim preclusion," or true *res judicata* ... treats a judgment, once ren-

dered, as the full measure of relief to be accorded between the same parties on the same "claim" or "cause of action." * * * When the plaintiff obtains a judgment in his favor, his claim "merges" in the judgment; he may seek no further relief on that claim in a separate action. Conversely, when a judgment is rendered for a defendant, the plaintiff's claim is extinguished; the judgment then acts as a "bar." * * * Under these rules of claim preclusion, the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial. * * * * * * [C]ollateral estoppel or "issue preclusion" ... bars the relitigation of issues actually adjudicated, and essential to the judgment, in a prior litigation between the same parties.... [T]he contested issue must have been litigated and necessary to the judgment earlier rendered.

*Kaspar Wire Works, Inc. v. Leco Engineering & Machine, Inc.*, 575 F.2d 530, 535–36 (5th Cir.1978).

*Aldape v. Akins*, 105 Idaho 254, 256–57, 668 P.2d 130, 132–33 (Ct.App.1983) (review denied). The bar of claim preclusion applies with special force to quiet title actions.

The parties in a quiet title action rightfully expect conflicting claims of ownership to be resolved. The very purpose of a quiet title action is to establish the security of title. Nothing could more profoundly disturb the security of title than for two judges, in separate actions involving the same parties, to enter contradictory decrees purporting to "quiet" title in the same property.

*Id.* at 260, 665 P.2d at 136.

It is clear that the present action is nothing more than an attempt to relitigate Clay Roselle's claim of ownership in the disputed property. The adjudication in Case I of Pierce Roselle's interest also adjudicated the derivative interest which Clay Roselle attempted to claim in that case after the judgment was entered. Clay Roselle was a party to the second quiet title action. He asserted the same claim of ownership, although this time he relied upon the quitclaim deed he obtained from Pierce and recorded subsequent to the entry of the 1986 judgment.

In each of these three actions, Clay Roselle has presented the same issues of fraud and lack of jurisdiction. Admittedly, in Case I he had only a limited opportunity to present the issues. He stumbled procedurally in presenting the issues and in failing to appeal. Throughout these proceedings—at least since the entry of the 1986 judgment—he has not been represented by counsel. In the present action he has developed these issues more fully, stating his position with greater detail and clarity. However, the issues are still the same ones raised before. In the interest of finality they should not be addressed again in the present action.

Clay Roselle also asserts that the district court committed error by granting the Grover heirs' motion to dismiss the complaint on the grounds that the service of process upon them was not sufficient. In light of our previous rulings, it is unnecessary to discuss this issue.

■ After the district judge dismissed Clay Roselle's complaint in this case, Roselle moved to disqualify the judge under I.R.C.P. 40(d)(2). Roselle filed no affidavit stating the grounds for the disqualification and the facts relied on in support of the motion, as required by the rule. The motion itself merely recited two grounds stated in the rule: "that he is a party, or is interested, in the action or proceeding" and "that he is biased or prejudiced for or against any party or his case in the action." The judge conducted a hearing, determined that he was not prejudiced, and denied the motion. Roselle contends this was an abuse of discretion. He has correctly identified the standard of review. We must determine whether Judge George abused his discretion in deciding not to grant the motion for disqualification. *Sivak v. State*, 112 Idaho 197, 731 P.2d 192 (1986). Clay Roselle contends that because Judge George signed the contested judgment in Case I and handled all subsequent proceed-

**534**

ings in Cases I and II arising from the same real property dispute, the judge was prejudiced. We disagree. Clay Roselle has presented no evidence indicating any such prejudice. Merely because a judge has participated in prior legal proceedings involving related parties or issues does not provide grounds for the judge to recuse himself. *Nash v. State*, 69 Md.App. 681, 519 A.2d 769 (1987). If Clay Roselle thought that Judge George was prejudiced by his involvement in the prior proceedings, he could have moved for an automatic disqualification at the beginning of Case III. Instead, he waited until the judge had ruled on the motions to dismiss before filing a motion for disqualification. Based on our review of the whole record, we conclude that Judge George did not abuse his discretion by denying Clay Roselle's motion for disqualification.

Finally, Roselle challenges the award of attorney fees made by the district court to the Grover heirs as the prevailing parties. Essentially, his contention is that the award is improper because the court erred in dismissing Roselle's action. Having found that the district judge properly dismissed the action, we uphold the award of fees to the prevailing parties.

The Grover heirs have requested an award of reasonable attorney fees for this appeal, contending that the appeal was pursued unreasonably or without foundation. We agree that the appeal was brought without foundation. Accordingly, we will award reasonable attorney fees to the Grover heirs under I.C. § 12–121 to be determined in accordance with I.A.R. 41.

We affirm the order of dismissal. Costs and attorney fees to respondents.

WALTERS, C.J., and BENGTSON, J., Pro Tem., concur.