813 P.2d 366

**Annie C. DESFOSSES, aka Huey Ching Chang Defosses, Plaintiff–Respondent–Cross Appellant,**

v.

**Paul James DESFOSSES, Defendant–Appellant–Cross Respondent.**

No. 18692.

Court of Appeals of Idaho.

May 29, 1991.

Paul J. Desfosses, pro se.

Dalon Esplin, Blackfoot and Lowell N. Hawkes, (argued) Jackson Hole, Wyo., for plaintiff-respondent-cross appellant.

---

**1.** The calculations of Annie's share of the community interest in Jim's retirement benefits were hotly disputed in the magistrate division and in the district court on appeal. They were

SWANSTROM, Judge.

This is an appeal from an order of the district court upholding a judgment entered by a magistrate in a divorce action. We also affirm the judgment.

All of the issues in the divorce of Paul James Desfosses (Jim) and Annie Desfosses were tried before a magistrate in Bannock County, and a final decree was entered July 6, 1987. The decree incorporated two sets of findings and conclusions prepared by the magistrate. On July 14, 1987, the magistrate entered an amended, corrected decree. On November 30, 1988, pursuant to the opinion of the district court on appeal, the magistrate entered an amended judgment.

As part of the property division in the divorce, Annie was awarded a share of Jim's federal retirement benefits earned during the period of their marriage as a result of Jim's employment with the Internal Revenue Service. Included in the decree of divorce was a money judgment for the award in favor of Annie.[1] Following the remittitur and the entry of the amended judgment in November, 1988, Annie took steps to enforce the judgment against Jim. On March 30, 1989, she filed a motion requesting an order directing Jim's employer to make direct payment to Annie of her award of Jim's retirement benefits. Annie sought to have the Office of Personnel Management (OPM) satisfy the award of her community interest in Jim's retirement benefits from the early retirement benefits that Jim began receiving in 1984, and which he continues to receive. The requested order was for the purpose of subjecting Jim's disability retirement benefits to apportionment from the OPM to pay to Annie her portion of the retirement awarded in the divorce decree. *See* 5 U.S.C. § 8345(j); 5 C.F.R. § 831.1701 et seq.

Jim objected to Annie's motion, contending that the judgment Annie was seeking to enforce had been obtained through fraud

also raised as an issue in a separate appeal. *See Desfosses v. Desfosses,* Idaho (Ct.App. No. 17837, April 15, 1991) (petition for rehearing pending).

and perjury, and that the judgment was part of a pending appeal in the Supreme Court.[2] Annie's motion was heard on April 7, 1989, and an order granting the motion was entered April 26, 1989 (hereafter OPM order). Jim filed a motion to reconsider, which was granted. However, the magistrate decided not to change the OPM order. Jim appealed from the OPM order to the district court on June 5, 1989.

On the same day that Jim filed his objection to Annie's motion, he filed a motion to disqualify Magistrate Ronald Hart pursuant to I.R.C.P. 40(d)(2). In his accompanying affidavit, Jim represented that Magistrate Hart had been influenced by another local magistrate who was alleged to have animosities toward Jim. Jim also suggested that Magistrate Hart was prejudiced against him because the magistrate had ruled against him in previous hearings in the course of post-dissolution proceedings. When Magistrate Hart refused to disqualify himself, Jim appealed from that order to the district court on May 18, 1989.

The district court, sitting as an appellate court, reviewed both matters that had been raised in separate notices of appeal. As to the disqualification, the district judge upheld the magistrate's decision not to disqualify himself. The district judge also affirmed the OPM order for direct payment of benefits to Annie. More particularly, the district judge held that the magistrate had authority to make such an order, and that civil service retirement "is more in the nature of retirement rather than compensation for disability; therefore, [Jim's] civil service retirement is not exempt under I.C. § 11–604." From the district court's appellate opinion dated March 16, 1990, Jim appeals.

■ Our standard of review of a magistrate's decision following an interim appeal to the district court is free review. *Robinson v. Joint School District No. 331*, 105 Idaho 487, 670 P.2d 894 (1983); *Hentges v. Hentges*, 115 Idaho 192, 765 P.2d 1094 (Ct.

App.1988). We examine the record of the trial court independently of, but with due regard for, the district court sitting as an appellate court. *State v. Bitt*, 118 Idaho 584, 798 P.2d 43 (1990); *Harney v. Weatherby*, 116 Idaho 904, 781 P.2d 241 (Ct.App. 1989).

I

Jim asserts, as his first issue on appeal, that Magistrate Hart should have disqualified himself upon the filing of Jim's affidavit of prejudice, and that his failure to do so was error. The motion to disqualify Magistrate Hart was filed pursuant to I.R.C.P. 40(d)(2)(A)(4). Under this rule, the disqualification is not automatic, but requires a supporting affidavit setting out facts that show bias or prejudice. The rule also requires a hearing to decide the motion. I.R.C.P. 40(d)(2)(B). Magistrate Hart heard the parties' arguments, ruled that he was not biased or prejudiced, and denied the motion to disqualify.

■ When reviewing a judge's ruling on a disqualification motion, we apply a discretionary standard. *Sivak v. State*, 112 Idaho 197, 731 P.2d 192 (1986); *Roselle v. Heirs and Devisees of Grover*, 117 Idaho 530, 789 P.2d 526 (Ct.App.1990). We look to determine whether a case of bias or prejudice has been made out by the moving party.

> The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.

*United States v. Grinnell Corp.*, 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966), *citing Berger v. United States*, 255 U.S. 22, 31, 41 S.Ct. 230, 232, 65 L.Ed. 481 (1922).

Jim alleged in his affidavit that Magistrate Hart was seen conversing with anoth-

---

**2.** While Jim's first appeal was pending, Annie also filed a motion under I.R.C.P. 60(b) to correct the amended judgment because it had been based on an erroneous calculation of Annie's interest in the retirement. The magistrate is-

sued a "Corrected, Amended and Consolidated Judgment." That judgment, filed on October 25, 1989, reduced Annie's interest in the retirement from $17,603 to $5,424. Neither party appealed from this latest judgment.

er magistrate, who was wrongfully involving himself in the case. According to Jim, that magistrate was influencing Magistrate Hart against him. Jim also alluded to political considerations that influenced Magistrate Hart. He also claimed that Magistrate Hart had accepted false statements in prior hearings in this case and that he had prejudged the issues against Jim as evidenced by his ruling in an April 5, 1988, contempt hearing.

■ The facts alleged in Jim's affidavit are insufficient to convince us that Jim would not receive a fair hearing from Magistrate Hart. A disqualifying prejudice cannot be deduced from adverse rulings by a judge, whether they are right or wrong. 46 Am.Jur.2d *Judges* § 221 (1969). The allegations do not support any actual prejudice directed against Jim on the part of the magistrate. *See State v. Lankford,* 113 Idaho 688, 747 P.2d 710 (1987), *vacated on other grounds,* 486 U.S. 1051, 108 S.Ct. 2815, 100 L.Ed.2d 917 (1988). "Suspicion, surmise, speculation, rationalization, conjecture, innuendo, and statements of mere conclusions ... may not be substituted for a statement of facts." *Walker v. People,* 126 Colo. 135, 248 P.2d 287, 295 (1952). We affirm the decision of Magistrate Hart not to grant Jim's disqualification motion as a proper exercise of discretion.

## II

■ As his second issue on appeal, Jim questions the authority of the magistrate to enter an order in the case during the pendency of a prior appeal, Case No. 17837. Specifically, Jim attacks the propriety of the OPM order granting Annie's request for direct payment from his employer of her community interest in Jim's retirement benefits. It is Jim's contention that the OPM order was void because, at the time of the order, the magistrate had been divested of jurisdiction by virtue of the pending appeal in Case No. 17837. We can readily dispose of this issue.

During the pendency of the appeal, the district court's authority is limited to the extent set out in I.A.R. 13(b). The same powers and authority granted to a district judge by I.A.R. 13(b) are conferred on a magistrate during the pendency of an appeal. I.R.C.P. 83(i)(2). The district court is empowered to take any action or enter any order required for the enforcement of any judgment, order or decree. I.A.R. 13(b)(13). Because the record in the appeal in Case No. 17837 [3] did not contain any order staying enforcement of the divorce judgment, and the time for the automatic stay had elapsed, the judgment remained enforceable during the appeal. *See Ustick v. Ustick,* 104 Idaho 215, 657 P.2d 1083 (Ct.App.1983). The OPM motion filed by Annie can be construed as a means of enforcing the judgment and decree of divorce. We find no error in the actions of the magistrate in hearing the motion and entering an order granting the relief requested by Annie.

## III

■ The OPM order of April 26, 1989 is also the basis of Jim's third issue raised in this appeal. Jim states in his brief that Annie was not awarded any part of his early retirement benefits in the divorce, yet Annie sought to enforce the judgment defining her share in the hypothetical retirement against his early retirement benefits. Jim interpreted the OPM order as depriving him of his disability benefits *and* his civil service retirement, which had been previously divided by the decree of divorce. Jim claims that the OPM order was made in error because it purports to authorize payment to Annie of his disability benefits, which are exempt from execution under I.C. § 11–604(1)(a).

Presented with the legal question of whether the early retirement benefits are protected from execution under I.C. § 11–604(1)(a), we must consider first the nature of the benefits. Jim receives benefits earned as a result of his having com-

---

**3.** The notice of appeal in the first appeal, Case No. 17837, was dated November 17, 1988. On December 16, 1988, Jim filed a motion for stay of execution pending appeal. The motion was denied by order of the Supreme Court dated December 30, 1988.

pleted five years of civilian service and by reason of a disability, which enables him to elect payment of his retirement during the period of his disability. 5 U.S.C. § 8337(a). Under the disability retirement option, the timetable is moved up, and the annuity becomes payable before the employee reaches retirement age as defined in 5 U.S.C. § 8338 and upon application by the disabled employee. The disability which prompted Jim to elect early retirement, however, was not a work-related disability for which he would have been eligible to receive disability benefits on account of loss of earnings.

Contrary to Jim's characterization of his benefits as workers' compensation for injury or illness, federal disability retirement benefits received under 5 U.S.C. § 8337(a) "are more in the nature of a retirement scheme than compensation for disability." *Gilbert v. Gilbert*, 442 So.2d 1330, 1332 (La.App. 3d Cir.1983), *cert. denied*, 445 So.2d 1231. Notwithstanding that the employee must have a qualifying disability to apply for the annuity, the character of the benefit as a retirement benefit is unaltered. The entitlement to the benefit is described in Title 5, Chapter 83 of the United States Code entitled "Retirement," which retirement can be put into pay status upon application of an employee with a disabling condition that substantially impedes his ability to earn income. 5 U.S.C. § 8337 (1980); 5 C.F.R. § 831.502 (1990); *see generally*, 60 Am.Jur.2d *Pensions and Retirement Funds* §§ 1504–1602 (1988 & Supp.1991). We therefore dismiss Jim's contentions that he is receiving something other than retirement benefits.

Benefits paid or payable by means of disability or illness are exempt from execution or attachment to the extent reasonably necessary for the support of the debtor and his dependents. I.C. § 11–604(1)(a). However, retirement benefits, payable by reason of disability coupled with length of service, are not accorded the same protection under the state exemption statute.

We hold that the OPM order was proper. Having already determined, as did the district court in its appellate capacity, that Jim's benefits are not disability benefits, we conclude that I.C. § 11–604 is not a bar to direct payment of Jim's early retirement from the OPM to Annie. Any disagreements that Jim has raised with respect to his entire annuity payment being paid to Annie concern the administration of the OPM; and this court is not the proper forum for such argument. We affirm the magistrate's order to OPM for direct payment to Annie of her interest in the retirement benefits.

## IV

Annie cross-appealed on the issue of attorney fees; she claims that fees should have been awarded to her by the district court in the original appeal from the magistrate. There is however no argument on this issue in Annie's brief, and it appears that the cross-appeal was abandoned.

Annie also seeks attorney fees on appeal to this Court. In her request for fees, Annie argues that she is entitled to fees because Jim is trying in this appeal to relitigate the divisibility of the retirement. Because that issue was the subject of the prior appeal to this Court (Case No. 17837), Annie contends that the instant appeal was brought frivolously, without foundation, and for delay purposes. These charges are the grounds for her request for fees pursuant to I.C. § 12–121.

We disagree that Jim's appeal primarily was an attempt to obtain a different result on the division of his retirement benefits. Rather, the question Jim presents is whether the award to Annie of her share in the hypothetical retirement can be satisfied out of his actual disability retirement benefits. Jim appealed from the OPM order, which effectuated payment of benefits directly to Annie. Although Jim has not persuaded us that the district court's decision was erroneous, we cannot hold that the present appeal was wholly unreasonable or frivolous. Consequently, we decline to award attorney fees to Annie on this appeal.

The order of the district court upholding the judgment entered by the magistrate is

affirmed. Costs to respondent, Annie Des-fosses.

WALTERS, C.J., and WOOD, J., Pro Tem., concur.