836 P.2d 1095

**Annie C. DesFOSSES, Plaintiff–Respondent,**

v.

**Paul DesFOSSES a/k/a Paul J. Des-Fosses a/k/a Jim Paul DesFosses, Defendant–Appellant,**

**and**

**Paul A. DesFosses d/b/a Cascade Contractors and Diane DesFosses Naylor, Defendants.**

Nos. 18278, 18641.

Court of Appeals of Idaho.

Sept. 2, 1992.

Paul J. DesFosses, pro se.
Annie C. DesFosses, pro se.

SWANSTROM, Judge.

This is an action brought by Annie Des-Fosses to set aside certain conveyances made by Paul James DesFosses (Jim Des-Fosses or Jim), which are alleged to have been fraudulent in nature. This action followed Annie's attempts to execute on a

judgment entered in the parties' protracted divorce case in 1987.[1]

Annie filed this separate action in 1988 under the Uniform Fraudulent Transfer Act, I.C. § 55–910 to –921, to establish the ownership of property which could be used to satisfy the divorce judgment's monetary awards to Annie. Her complaint contained seven separate claims, each alleging that Jim had transferred an item of real or personal property with the intent to defraud his creditors, particularly Annie.

Jim filed an answer and counterclaims. Numerous pretrial proceedings were conducted in the district court. Motions for partial summary judgment relating to the various claims were decided. Eventually, Annie was granted partial summary judgment on her seventh claim by which she established that the Templeview Apartments in Pocatello, Idaho, were owned by Jim in spite of transfers to other members of his family. From this partial summary judgment, which was certified by the district court as a final order under I.R.C.P. 54(b), Jim appeals, but his appeal is primarily directed against collateral orders entered before and after the summary judgment. This appeal is before the Court on appellant's brief alone. Before respondent's brief was due, Annie discharged her counsel, who was allowed to withdraw; and she took no further action on her own behalf.

Jim contends that the district judge abused his discretion by refusing to disqualify himself in this case despite repeated motions filed by Jim to that end. Jim also contests the award of attorney fees to Annie subsequent to the summary judgment, contending that the fees are excessive and an abuse of the district court's discretion. We will discuss these issues in turn, explaining why we affirm the summary judgment and modify the award of fees.

### The Disqualification Issue

The first issue we discuss is raised by Jim's contention that District Judge Win-

mill abused his discretion in refusing to grant Jim's motions for disqualification. Jim first moved to disqualify Judge Winmill in June, 1989, about a year after this action was filed and after the judge had decided several contested motions. Jim then asserted that Judge Winmill harbored a personal bias against him because of alleged political connections with other public officials who were maintaining an ongoing conspiracy to retaliate against Jim for his whistleblowing and investigation of these people in the 1970's while he was a special agent for the Internal Revenue Service. After a hearing, the court denied this motion.

A month later, after various contested proceedings were decided, Jim again moved to disqualify Judge Winmill because, years before as an attorney, the judge had represented Jim's brother in litigation regarding their mother's estate, which was the source of at least some of the real property at issue in this case. Finally, in February, 1990, after summary judgment had been entered against Jim and after several notices of appeal had been filed, Jim again moved for disqualification of the judge.

■ Ordinarily, an abuse of discretion standard is applied when reviewing a judge's ruling on a disqualification motion. *Sivak v. State*, 112 Idaho 197, 731 P.2d 192 (1986); *Roselle v. Heirs and Devisees of Grover*, 117 Idaho 530, 789 P.2d 526 (Ct. App.1990). Under I.R.C.P. 40(d)(2) which governs disqualifications for cause, the moving party bears the burden of providing facts to support the stated grounds for disqualification. As we have previously held, "suspicion, surmise, speculation, rationalization, conjecture, innuendo, and statements of mere conclusions ... may not be substituted for a statement of facts." *DesFosses v. DesFosses*, 120 Idaho 27, 813 P.2d 366 (Ct.App.1991) (quoting *Walker v. People*, 248 P.2d 287, 295 (Colo. 1952)).

---

1. *See DesFosses v. DesFosses*, 120 Idaho 354, 815 P.2d 1094 (Ct.App.1991); *DesFosses v. DesFosses*, 120 Idaho 27, 813 P.2d 366 (Ct.App.1991).

■ Idaho Rule of Civil Procedure 40(d)(2)(A)(3) provides for disqualification of a judge who has been attorney or counsel for any party in the action or proceeding. Judge Winmill acknowledged that he once represented Danny DesFosses concerning the estate of Leoma DesFosses, but he explained that no conflict or prejudice resulted. Danny DesFosses was not a party in this action, nor was he shown to have any interest in the outcome. Judge Winmill has not acted as counsel on behalf of either Jim or Annie DesFosses, the parties herein. Jim never explained why he raised this issue one year into the case, and after rulings were made adverse to Jim, when this alleged prejudice purportedly existed at the start of the case.

■ Pursuant to I.R.C.P. 40(d)(2)(A)(4), Jim alleged bias and prejudice, which from our perspective of the record, is equally unsupported. Jim's firm belief that Judge Winmill's refusal to disqualify himself was motivated by political considerations does not rise to the level of fact. Likewise, we find no support in the record for Jim's sweeping allegation that Judge Winmill "never honestly intended to allow the DesFosses family to have an actual trial."

A close examination of the voluminous record in this case is enlightening. It is difficult to capsulize what transpired to create 870 pages of reporter's transcript dealing with motions, objections, requests for reconsideration, arguments of the parties and counsel, explanations by the court of its rulings and statements by the court attempting to focus attention of the parties upon the issues in this case. Repeatedly, the court was subjected to unvarying arguments filled with suggestions of a far-reaching conspiracy against Jim that pervaded and controlled the DesFosses divorce action and the present action, touching everyone involved in either case. The judge exhibited infinite patience with these arguments; he refused to be entangled in the web of innuendo. The record shows that while he put time restraints on arguments, he conducted even-handed hearings allowing all parties the opportunity to be heard. While the written orders denying the disqualification motions are brief, the judge gave timely and thoughtful responses to the suggestions of prejudice, as shown by his careful explanations of his position and his statement of reasons why his decisions could be made without prejudice. Not to belabor the point, we will simply say that the record speaks for itself; it is devoid of facts indicating prejudice. We agree with the final statement made by the judge on this issue, "I denied the motion for disqualification since it alleged matters which were simply too remote to show a true conflict of interest." The judge did not abuse his discretion in deciding to remain on the case.

### The Propriety of Granting Summary Judgment

In his brief, Jim complains about the entry of summary judgment against him on Annie's seventh claim. However, he has made no cogent argument pointing to any error of the district court in granting the summary judgment. He has not asked us to reverse the summary judgment, only the award of attorney fees arising from it. He acknowledges that his objective in appealing is not to disturb the district court's ruling that he is the true owner of the Templeview Apartments, as decided in the summary judgment proceedings. Accordingly, we affirm the partial summary judgment which was certified as final on August 16, 1989.

### The Award of Attorney Fees

After entry of the summary judgment, counsel for Annie filed a memorandum of costs and attorney fees. Jim filed a general objection to the amount of fees requested, contending they were excessive, particularly where the matter had been disposed of short of trial. Jim also filed an objection to counsel's supplemental memorandum asking for additional fees related to post-judgment motions. The district court heard argument on these matters and later issued a comprehensive written decision and order finding that Annie had clearly prevailed on the principal claim decided by the summary judgment and awarded her

some of the costs and fees she had requested. The fees were awarded in part as sanctions requested by Annie for Jim's refusal to comply with discovery orders. The remainder of the fees awarded were based on I.C. § 12–121 because the district court found that Jim's defense to certain claims was frivolous, unreasonable or without foundation.

■■■ An award of attorney fees under I.C. § 12–121 is proper only when an action was either brought, pursued or defended frivolously, unreasonably or without foundation. *Soria v. Sierra Pacific Airlines, Inc.,* 111 Idaho 594, 726 P.2d 706 (1986); I.R.C.P. 54(e)(1). Such an award is committed to the sound discretion of the trial judge; and, in the absence of an abuse of discretion, the award will not be disturbed on appeal. *Alpert v. Boise Water Corp.,* 118 Idaho 136, 795 P.2d 298 (1990); *Chenery v. Agri–Lines Corp.,* 115 Idaho 281, 766 P.2d 751 (1988). The party disputing the award bears the burden of showing an abuse of discretion. *Hellar v. Cenarrusa,* 106 Idaho 571, 682 P.2d 524 (1984).

Jim argues on appeal that the attorney fees awarded against him by the trial court in this case, and in the underlying divorce action, are "ludicrous" when compared with the amount ultimately awarded to Annie by the final divorce judgment.[2] He asserts that the pursuit of this action by Annie's counsel shows their greed and their vindictiveness toward him because they could not wait for the resolution of the two appeals in the divorce action. Jim also construes the fee award in this case as further evidence that the district judge was prejudiced against him and biased in favor of Annie's counsel.

In a memorandum decision and order, the district judge considered counsel's request for fees, which itemized the work done and hours expended for different stages and proceedings of the litigation, at an hourly rate. Ultimately, the court doubted the reasonableness of Jim's defense to Annie's motion for partial summary judgment on claims four and six of the complaint (dealing with the priority status of a materialman's lien in the name of Paul A. DesFosses and title to a travel trailer and a 1970 International Scout). The court also questioned whether Jim had pursued his counterclaim unreasonably. Nevertheless, the court did not award attorney fees to Annie for the time allotted to those proceedings (77.5 hours); the court also denied recovery of fees attributable to organization and trial preparation by Annie's counsel (51.8 hours), although a scheduled trial was postponed at the last minute when Jim gave notice that he would not appear.

■■ The court then determined that the balance of activity reflected in counsel's memorandum of fees had been pursued unreasonably, frivolously and without foundation by Jim. Accordingly, the district judge weighed the factors outlined in I.R.C.P. 54(e)(3) to ascertain the reasonableness of the fee request. Like the award itself under I.C. § 12–121, the question of the reasonableness of the amount involves a discretionary determination by the court. *Meldco, Inc. v. Hollytex Carpet Mills, Inc.,* 118 Idaho 265, 796 P.2d 142 (Ct.App.1990). Moreover, our Supreme Court has held that the amount of an award of attorney fees need not bear a reasonable relationship to the amount of the judgment. *Smith v. Great Basin Grain Co.,* 98 Idaho 266, 281, 561 P.2d 1299, 1314 (1977).

■■ After the district court had made its discretionary award of fees under I.C. § 12–121 in this case, our Supreme Court reviewed a similar award in *Magic Valley Radiology Assoc., P.A. v. Professional Business Services, Inc.,* 119 Idaho 558, 808 P.2d 1303 (1991). There the Court said:

Where as in this case there are multiple claims and multiple defenses, it is not appropriate to segregate those claims and defenses to determine which were or were not frivolously defended or pur-

---

**2.** The amount Annie was initially awarded in the July, 1987, divorce judgment for her share of community assets has undergone substantial changes both upward and downward because of appeals, post-judgment motions, and rehearings. *See, e.g., DesFosses v. DesFosses,* 120 Idaho 354, 815 P.2d 1094 (Ct.App.1991).

sued. *The total defense of a party's proceedings must be unreasonable or frivolous.*

119 Idaho at 563, 808 P.2d at 1308 (emphasis added).

 The emphasized language, if applied literally, will erect a rigid and exclusive barrier against an award of fees under § 12–121 in most cases. Requiring a party's "total defense" to be unreasonable seemingly leaves no discretionary room for awarding fees against a party who, for example, convinces a trial court that only 97% of his defenses were unreasonable. This result seems to be a departure from the analysis the Court required in *Anderson v. Anderson, Kaufman, Ringert, and Clark, Chartered,* 116 Idaho 359, 775 P.2d 1201 (1989), where the Court discussed whether the nonprevailing plaintiff—against whom fees were awarded by the trial court—had presented meritorious claims or defenses upon which he was shown to have "substantial, not *de minimis,*" success. 116 Idaho at 366, 775 P.2d at 1208.

Although *Magic Valley* was decided after the decision to award fees in the present case, we are constrained to follow it here. As we interpret it, *Magic Valley* requires an *overall* finding that plaintiffs' claims were "defended frivolously, unreasonably or without foundation." I.R.C.P. 54(e)(1). No such comprehensive finding was made here.[3]

Here, the district court made discrete findings relating to the defenses of individual claims. Those findings are not clearly erroneous and we will not disturb them. Such findings are appropriate in determining reasonable fees to be awarded to a prevailing party. However, we cannot say with certainty that those findings, when taken together in this case, satisfy the requirements of *Magic Valley.* For example, there is some question whether the court ultimately found that Jim's defense of claims four and six was frivolous, unrea-

sonable or without foundation. Additionally, so far as the record in this appeal shows, plaintiff's claims one, two, three and five have not yet been decided. Therefore, it cannot be said at this point that the "total defense" presented by Jim in this case is unreasonable, frivolous or without foundation. Such a finding could only be made taking into account the "entire course of the litigation." *Magic Valley,* 119 Idaho at 563, 808 P.2d at 1308. Accordingly, we must vacate that part of the fee award which was based solely upon I.C. § 12–121.

 Two of the court's awards of fees, however, were based on other grounds. First, the court awarded $16,000 for attorney fees earned by Annie's counsel on her seventh claim to establish Jim's ownership of the Templeview Apartments. The primary basis for this award was to impose sanctions against Jim under I.R.C.P. 37(c) for his unreasonable refusal to admit the truth of facts requested under Rule 36 and for his other attempts to prevent Annie from obtaining evidence of Jim's ownership of the apartments.

Second, on July 5, 1989, as a sanction for a separate discovery abuse, the court ordered Jim to pay reasonable attorney fees incurred as a result of that abuse. In its final order regarding fees, the court determined the amount of this award to be $1,968.

Jim has made no cogent argument against either of these awards. The record and the law fully support the awards of fees in this instance as sanctions. *See, e.g., Chenery v. Agri–Lines Corp.,* 115 Idaho 281, 766 P.2d 751 (1988). Moreover, the award of fees for this purpose is not dependent upon I.C. § 12–121, and thus these awards need not await the final outcome of the case.

 Here, the court reduced from 374 hours to 200 hours the time compensable for the pursuit of the partial summary judgment relative to claim seven. This ad-

---

**3.** In this case, the defendant also filed a counterclaim. Although fees were not awarded to the plaintiff for her successful defense against this counterclaim, such an award under I.C. § 12– 121 would require an *overall* finding that these claims were brought or pursued frivolously, unreasonably or without foundation.

justment was made upon the court's belief that while the work was thorough, detailed and complete, the total hours expended were excessive in light of the amount involved and the nature of the issues presented. The court concluded that $16,000 was justified under the circumstances of the case and the factors listed in Rule 54(e)(3). Appellant's generalized challenge to the fees does not meet his burden to show how the fee award merits reversal or reconsideration. Jim's assertions that the amount awarded is indicative of bias on the part of the judge is baseless in view of the fairness exhibited by the judge in making his own determination of a reasonable fee in spite of Jim's failure to make a timely and particularized objection to the requested fees. *Operating Engineers Local Union 370 v. Goodwin Constr. Co. of Blackfoot,* 104 Idaho 83, 656 P.2d 144 (Ct.App.1982). A court is permitted to examine the reasonableness of the time and labor expended by the attorney under I.R.C.P. 54(e)(3)(A) and need not blindly adopt figures advanced by the attorney. *Craft Wall of Idaho, Inc. v. Stonebraker,* 108 Idaho 704, 705–06, 701 P.2d 324, 325–26 (Ct.App.1985). Finally, as the district judge determined, Annie clearly had the right to pursue this litigation apart from her other collection efforts to execute on the judgment in the divorce action.

From our review of the record we cannot say that the fees awarded are unreasonable or that any abuse of discretion has been shown. We hold that the district court correctly perceived the issue as one of discretion, acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it, and reached its decision by an exercise of reason. *Sun Valley Shopping Ctr. v. Idaho Power,* 119 Idaho 87, 94, 803 P.2d 993, 999 (1991).

Accordingly, we affirm the district court's award of costs. We affirm the district court's order awarding $16,000 in fees to Annie on claim seven, because the award is based upon I.R.C.P. 37(c) and it was ordered as an integral part of sanctions reasonably imposed for discovery abuses. For the same reasons we uphold the separate award of $1,968. We vacate the additional amounts awarded under I.C. § 12–121 because such awards are premature and they presently lack the support of necessary findings. The judgment shall be modified accordingly.

In conclusion, we affirm the partial summary judgment and we affirm, as modified, the order fixing costs and fees in the district court. We remand the case for further proceedings consistent with this opinion. Costs on appeal to respondent Annie DesFosses. No attorney fees awarded on appeal.

WALTERS, C.J., and SILAK, J., concur.