747 P.2d 91

**Rafael ORTIZ, Respondent–Appellant,**

v.

**STATE of Idaho, DEPARTMENT OF HEALTH & WELFARE, Petitioner–Respondent,**

and

**Carol Reagan, Guardian Ad Litem, Respondent.**

No. 16789.

Court of Appeals of Idaho.

Dec. 17, 1987.

L. Kim McDonald, Nampa, for respondent-appellant.

Jim Jones, Atty. Gen. by Laura B. Arment, Deputy Atty. Gen., Boise, for petitioner-respondent State of Idaho.

Kathleen P. Allyn, Boise, for respondent Carol Reagan, guardian ad litem.

BURNETT, Judge.

This is an appeal from a district court decision affirming a magistrate's decree in a Child Protective Act case. The magistrate determined that a three-year-old girl

had been sexually molested by her father. The child was placed in the custody of the Idaho Department of Health and Welfare for a period not exceeding one year. The father appealed, contending that the magistrate's decree was not supported by substantial evidence and that the magistrate abused his discretion by declining to grant a retrial on newly discovered evidence. The district court, acting in an appellate capacity, affirmed. Today, we do likewise.

■ Before we turn to these issues, we briefly consider an argument advanced by the Department, and by the child's guardian ad litem, that this case is moot. The argument rests on the fact that the custody decree under the Child Protective Act has expired. The child now is residing with her mother, who has been divorced from the father. The mootness question initially was raised in the Supreme Court by a motion to dismiss the appeal. The motion was denied. Although the Supreme Court did not give reasons for its ruling, we deem it clear that the Court was concerned about possible collateral consequences of the magistrate's decree with respect to the father's reputation, employment and future child custody or visitation rights. Some doubt may exist as to whether we possess the power to alter the Supreme Court's ruling on a motion; however, we need not decide that question today. We are persuaded that the Court's ruling was correct and we adhere to it. Accordingly, we now turn to the evidence framing the issues raised by the father's appeal.

The child was born on June 19, 1981. Her parents were later married to each other but did not establish a household together. The father maintained a separate residence from his wife and daughter. Under this living arrangement the father had little contact with the child or with a son who was later born during the marriage. The father instituted divorce proceedings during the spring of 1984. He sought and obtained visitation rights with his two children while the divorce was pending.

The sexual molestation allegedly occurred during these visits. According to the Department's evidence, the daughter told her mother and one of the mother's friends that she did not like her father because he had touched her in the vaginal area. She demonstrated by using a doll. The child was examined by a doctor. Investigations were undertaken by the police and by the Department. However, no further action was taken at that time.

A few months later, after visiting her father again, the child received another medical examination. The mother again sought intervention by the police. No action was taken. After several more months had passed, and the child had turned four years of age, another visit occurred and yet another examination followed. This time the doctor recommended that the Department investigate. A psychologist under contract to the Department conducted a videotaped interview of the child. The Department then filed a petition under the Child Protective Act. Temporary custody was granted and the child was placed in a foster home.

An adjudicatory hearing consumed four days in the magistrate division. Numerous lay and expert witnesses testified. The child herself did not testify. Neither side called her as a witness. A videotaped interview with the child was entered into evidence without objection. Upon conflicting evidence, the magistrate found that the child had been abused. He entered a decree under I.C. §§ 16–1603(a) and 16–1610, and he subsequently denied a motion for a new trial. The father appealed. The district court affirmed and the father appealed again, bringing the case before us.

■ We first consider the sufficiency of the evidence to support the decree. The magistrate found that the father had "placed his fingers into the vaginal area of [the child] on at leas[t] one, and probably three or more occasions." Our role in reviewing such a finding of fact is limited. We do not weigh the evidence, nor do we substitute our view of the facts for the view of the trial judge. *E.g., Angleton v. Angleton,* 84 Idaho 184, 370 P.2d 788 (1962). We merely determine whether the finding is supported by substantial, albeit

conflicting, evidence in the record. If so, the finding cannot be deemed clearly erroneous. *Rasmussen v. Martin*, 104 Idaho 401, 404, 659 P.2d 155, 158 (Ct.App.1983). We regard evidence as "substantial" if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven. IDAHO APPELLATE HANDBOOK §§ 3.3.1 and 3.3.2.2 (Idaho Law Foundation, Inc. 1985).

■ As corollaries to these general principles, we give due regard to the special opportunity of the trial court to judge the credibility of witnesses appearing personally before it. I.R.C.P. 52(a). We also recognize the trial court as the arbiter of the weight, if any, ascribed to expert opinion testimony. *Simpson v. Johnson*, 100 Idaho 357, 597 P.2d 600 (1979). Thus, we are not authorized to overturn a trial court's finding of fact, when it is supported by substantial evidence, even though we might have viewed the evidence differently had we sat as the triers of fact. *E.g., Cox v. Cox*, 84 Idaho 513, 373 P.2d 929 (1962); *Challis Irrigation Co. v. State*, 107 Idaho 338, 689 P.2d 230 (Ct.App.1984).

■ In this case, the magistrate received three categories of evidence. First, he received the child's statements during a videotaped interview. However, the judge disavowed reliance upon this evidence because the interrogative techniques were so suggestive that they eroded the reliability of the child's responses.

The second category of evidence consisted of lay testimony by persons other than the child. Among these witnesses were the child's mother, the mother's friend, a foster parent and a teenage daughter of the foster parent. The magistrate discounted the mother's testimony because she was engaged in a bitter divorce and custody dispute with the father. However, the magistrate ascribed great importance to the testimony of the other witnesses. Each of them testified that the child made statements or engaged in conduct indicating that she had been molested.

The final category of evidence was expert opinion testimony. Several physicians and psychologists testified on both sides. The physical evidence was consistent with, but did not conclusively show, the existence of sexual abuse. Accordingly, much of the expert testimony focused upon the reliability of the child's own statements concerning the abuse. Specifically, the expert witnesses were asked to determine whether the child was able to distinguish between reality and fantasy. The father raised this issue by contending that the allegations of abuse were fantasy, produced by the mother's "coaching" and reinforced by repeated interviews with various investigators or caseworkers. The experts' views were divided. The Department relied upon the testimony of Dr. Thomas Young, a pediatrician with substantial experience in the field of child sexual abuse. Dr. Young stated that although children may be influenced by the apparent expectations of their adult interviewers, nevertheless, he believed that the child's story in this case "was in fact true...." The father's expert, a psychologist, criticized the Department's investigation. Based upon psychological tests conducted upon the child and her mother, this witness opined that the child's ability to distinguish reality from fantasy had been impaired by interactions with her mother and other adults.

The magistrate accepted the testimony of Dr. Young. Coupling this testimony with the child's statements to the lay witnesses and with the corroborative, albeit inconclusive, medical evidence, the court determined that the incidents of child abuse were "more likely" to have occurred than to have been fabricated. In our view, the case was a close one. The Department's evidence was tainted by improper investigational techniques. Nevertheless, the magistrate demonstrated an awareness of, and a keen sensitivity to, these problems. He explicitly took them into account in weighing the evidence.

In our view, the evidence establishing the existence of sexual abuse was sufficient for a reasonable trier of fact to accept it and to rely upon it. Accordingly, the evidence was substantial and the trial court's finding of abuse, based upon such evi-

dence, cannot be deemed clearly erroneous. Therefore, we must reject the father's attack upon the sufficiency of the evidence to support the magistrate's decree.

■ We next turn to the magistrate's order denying a new trial. The order was issued in response to a motion accompanied by affidavits from a medical doctor and from the foster parent who testified at the original trial. The doctor's affidavit stated that the child suffered from a bladder infection which could have contributed to some of her physical symptoms of distress. The foster parent's affidavit stated that the child had made statements contradicting the allegations against her father. The foster parent further averred that the child had demonstrated a readiness to accept an untrue fact furnished by an adult and to elaborate upon it, calling into question her ability to distinguish between fantasy and reality. These affidavits, in turn, elicited further affidavits from the experts on both sides, commenting upon the significance or insignificance of this new information.

The determination to grant or to deny a motion for a new trial is within the discretion of the trial court. The ruling will not be overturned on appeal unless discretion has been abused. *E.g., Rowett v. Kelly Canyon Ski Hill, Inc.*, 102 Idaho 708, 639 P.2d 6 (1981). This discretion is guided by Rule 59(a), I.R.C.P., which provides at subparagraph (4) that a new trial may be granted upon "[n]ewly discovered evidence, material for the party making application, which he could not, with reasonable diligence, have discovered and produced at the trial." Here, the magistrate found that the information contained in the affidavits could have been discovered and produced at the trial, with reasonable diligence. He further stated that, in any event, the information "will probably not change the results of the original trial."

The father now argues that a new trial ought to be granted whenever there is a possibility, rather than a probability, of a different result. However, the magistrate's formulation was consistent with Idaho case law. *See, e.g., Robertson v. Richards*, Idaho, (S.Ct. No. 16043, slip op.

October 27, 1987); *Blaine v. Byers*, 91 Idaho 665, 429 P.2d 397 (1967). Accordingly, we hold that the magistrate did not abuse his discretion in denying the father's motion for a new trial.

The decision of the district court, upholding the magistrate's decree under the Child Protective Act, is affirmed. Costs to each of the respondents. No attorney fees allowed.

WALTERS, C.J., and SWANSTROM, J., concur.