829 P.2d 1385

**PFC, INC., a corporation, and West One Bank, a banking corporation, Plaintiffs–Appellants,**

v.

**ROCKLAND TELEPHONE COMPANY, INC., a corporation; and Leonard May, Defendants–Respondents.**

No. 18752.

Court of Appeals of Idaho.

May 7, 1992.

Whittier, McDougall, Souza, Murray & Clark, Chartered, Pocatello, for plaintiffs-appellants. Robert C. Naftz, argued.

Jones, Christensen, Jorgensen, Robison, Holmes & Robison, Pocatello, for defendants-respondents. Craig R. Jorgensen, argued.

SWANSTROM, Judge.

PFC, Inc. initiated this action against Rockland Telephone Company, Inc., and Leonard May to collect sums alleged to be due under an equipment lease. Following a trial without a jury, the district court dismissed the action for lack of proof of the amount due and failure to account for specific payments made by Rockland. We affirm.

PFC, Inc. is in the business of leasing telephone equipment and arranging financing for the leases. In November, 1985, PFC, as lessor, entered into a five-year equipment lease with Rockland Telephone Co., as lessee, requiring monthly lease payments. The agreement also provided for charges in the form of use taxes, property charges, residual value of the equipment and late charges to be paid by Rockland. Leonard May, president and manager of Rockland, was a guarantor of Rockland's lease obligations. Rockland made payments to PFC on this lease and on other subsequent leases with PFC. The November, 1985, lease was sold to Continental Bank, now known as West One Bank; how-

ever, Rockland continued to make payments to PFC, who continued to maintain this particular lease account as well as one other Rockland account.

In 1989 Rockland failed to make certain scheduled payments on the November, 1985, lease. PFC brought this action, alleging a debt due in the amount of $14,-642.93. Rockland answered and counterclaimed for an accounting as to six checks dated 1985 and 1986, totalling approximately $19,000, for which Rockland alleged it had not received credit from PFC. When the case was tried, the district court decided that neither party had proved its claim against the other, and the court dismissed PFC's claim and Rockland's counterclaim with prejudice. PFC appealed, contending that the district court erred in concluding that PFC had failed to meet its burden of proving that Rockland owed any indebtedness to PFC on the November, 1985 lease.

The role of this Court in reviewing findings of fact is limited. We do not weigh the evidence, nor do we substitute our view of the facts for the view of the trial judge. *Angleton v. Angleton*, 84 Idaho 184, 198, 370 P.2d 788, 796 (1962); *Ortiz v. Dept. of Health & Welfare*, 113 Idaho 682, 683, 747 P.2d 91, 92 (Ct.App.1987). Findings cannot be deemed clearly erroneous if they are supported by substantial, even though conflicting, evidence in the record. *Sun Valley Shamrock v. Travelers Leasing*, 118 Idaho 116, 118, 794 P.2d 1389, 1391 (1990); *Ortiz*, 113 Idaho at 683-84, 747 P.2d at 92-3; *Rasmussen v. Martin*, 104 Idaho 401, 404, 659 P.2d 155, 158 (Ct.App.1983). Evidence is substantial if a reasonable trier of fact would accept and rely upon it in determining whether a disputed point of fact has been proven. *Ortiz*, 113 Idaho at 684, 747 P.2d at 93. This standard of review reflects the view that deference must be accorded to the trial court's special opportunity to assess and weigh the credibility of the witnesses who appear before it. *State v. Tierney*, 109 Idaho 474, 476, 708 P.2d 879, 881 (1985); *Ortiz*, 113 Idaho at 684, 747 P.2d at 93; I.R.C.P. 52(a). In addition, the party challenging the findings has the burden of

showing error, and this Court will review the evidence in the light most favorable to the prevailing party. *Rueth v. State*, 103 Idaho 74, 77, 644 P.2d 1333, 1336 (1982); *Martsch v. Nelson*, 109 Idaho 95, 100, 705 P.2d 1050, 1055 (Ct.App.1985). With these standards in mind, we examine the evidence presented to the court.

PFC relied on the testimony of Loni Lowder, the owner of the company, and did not present any documentary evidence of the November, 1985 lease account. Lowder testified that the company's records had been lost and asserted that the amount of PFC's claim was accurate. Lowder did not dispute that the six checks had been paid by Rockland and deposited to PFC's account, but he attributed them to other leases and commitment fees unrelated to the November, 1985 lease. He explained that he could tell what the checks were for from the dates and the amounts, but he had no documentation of these other accounts to confirm that the disputed payment amounts had in fact been credited to Rockland.

PFC did introduce into evidence internal records from West One Bank, for the period from January 31, 1987 to September 30, 1989, reflecting Rockland's various payments and the outstanding balance being sought by PFC in this action. Steven Weiler, from West One Bank, testified that all payments from Rockland were made to PFC and that West One Bank had simply accepted the January 3, 1987 starting balance from PFC when it purchased the account. Weiler denied any knowledge of the payments which Rockland claimed had been unaccounted for, and he had no knowledge of the activity on the account prior to 1987.

As further proof of the sum of Rockland's outstanding debt, PFC offered a letter, dated March 28, 1989, from Rockland's counsel to six of Rockland's leasing company creditors. The letter listed the claims of each creditor, including the amount claimed by PFC to be owing in this case. The district judge, however, without any objection to the admission of the letter by Rockland, refused to admit the letter

because it was a letter from counsel. PFC contends on appeal that the district court's uninvited ruling excluding the letter was error.

PFC's counsel tried to introduce the above-described letter during the cross examination of Rockland's owner, Leonard May. After the judge's ruling on the letter, counsel was nevertheless allowed to ask the witness whether the amount of $15,416 stated in the letter was the amount that May felt was owing to Continental West One Bank in March of 1989. He also asked the witness whether any allegations were made in the letter disputing the claim. Because the contents of the letter were testified to, we hold that any error of the judge in refusing to admit the letter as one of PFC's exhibits was not reversible error. *See Jackson v. Blue Flame Gas Co.*, 90 Idaho 393, 412 P.2d 418 (1966).

■ Next, PFC argues that the amount of the debt had been established under an account stated theory. According to PFC, assent to an account stated may be inferred from a failure to timely object when a statement is rendered by one party to another. PFC asks this Court to determine whether the district court should have interpreted Rockland's failure to timely object, or inquire about which accounts the payments were applied to, as creating a presumption that Rockland had acquiesced in the amount shown on PFC's billing statements.

After a complete review of the record, we must conclude that the theory of account stated is raised for the first time on appeal. The allegations in PFC's complaint are not broad enough to include the theory of account stated. *Cf. M.T. Deaton & Co. v. Leibrock*, 114 Idaho 614, 759 P.2d 905 (Ct.App.1988). Although there was conflicting evidence in the record about Rockland's complaints regarding the statements it had periodically received from PFC, that does not mean, as PFC suggests, that the account stated theory was before the court.

Before resting its case, PFC moved to amend its complaint to conform to the proof; however, the motion did not seek to add the theory of account stated for the

court's consideration. Finally, PFC asked for no findings on account stated, and the district court made none. Specifically, the court made no finding about the timeliness of any objections to PFC's statements or requests for an accounting that Rockland may have made. We will not decide a question which was not presented and on which no ruling was obtained in the court below. *Kinsela v. State Dept. of Finance*, 117 Idaho 632, 790 P.2d 1388 (1990); *Christensen v. Idaho Land Developers, Inc.*, 104 Idaho 458, 660 P.2d 70 (Ct.App.1983).

PFC had the burden of producing sufficient evidence to persuade the trial judge that Rockland owed it money on the 1985 lease and the amount of that indebtedness. Unfortunately for PFC, the records usually maintained by the creditor and relied upon for proof in commercial transactions were not available at trial. The testimony offered by PFC in lieu of its own records was hardly conclusive in establishing the amount owed by Rockland, if any. While internal records maintained by West One were introduced, they essentially reflected payments "passed on" from PFC *after* January, 1987. On the other hand, Rockland produced evidence of payments it had made to PFC which PFC could not, or did not, explain with its own records showing where these payments were credited. Neither did the West One records supply the necessary proof. As a result, we cannot say that the trial court's failure to find that Rockland owed PFC some definite amount on the lease was clearly erroneous.

In conclusion, we hold that the district court properly found that PFC had failed to meet its burden of proving Rockland's indebtedness on the lease agreement. Accordingly, we affirm the judgment.

### Attorney Fees

■ Rockland has requested an award of attorney fees incurred in this appeal under I.C. § 12–121, contending that the appeal was brought or pursued frivolously, unreasonably, or without foundation. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). However, we are not convinced that PFC had no reasonable ba-

sis to challenge the trial court's judgment. *Ramco v. H–K Contractors, Inc.*, 118 Idaho 108, 794 P.2d 1381 (1990). Accordingly, we award costs to Rockland, but no attorney fees on appeal.

HART, J. Pro Tem., concurs.

SILAK, Judge, specially concurring:

I concur in the majority opinion, but I would award attorney fees on appeal. I believe that the appeal by PFC falls within the *Minich* standard. PFC has presented no persuasive argument that the trial court misapplied the law or committed other reversible error. Primarily, we are asked to redetermine the facts which were found by the trial court from conflicting and inconclusive evidence which was, nevertheless, sufficient to support the court's decision. *Durrant v. Christensen*, 117 Idaho 70, 785 P.2d 634 (1990).