**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35747**

| | |
|---|---|
| BEVERLY E. TORRENCE, a single person, GEORGE E. TORRENCE, a single person, ANNETTE M. TORRENCE, a single person, and DAVID A. TORRENCE, a single person, ) ) ) ) | 2011 Unpublished Opinion No. 385 |

BEVERLY E. TORRENCE, a single person, )
GEORGE E. TORRENCE, a single person, )
ANNETTE M. TORRENCE, a single person, )
and DAVID A. TORRENCE, a single person, )
                                  )
     Plaintiffs-Appellants, )
                                  )
v. )
                                  )
MONTY McCAY "Deceased" and PAMELA )
R. McCAY, husband and wife, and SHANE )
E. BAKER, a single person, )
                                  )
     Defendants-Respondents, )
                                  )
and )
                                  )
RICHARD COLE, a single person, and )
HARRY E. BAKER, a single person, )
                                  )
     Defendants. )
                                  )

2011 Unpublished Opinion No. 385

Filed: March 11, 2011

Stephen W. Kenyon, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County.  Hon. James R. Michaud, District Judge.

Judgment in action to quiet title seeking easement rights, <u>affirmed</u> <u>in</u> <u>part</u>, <u>vacated</u> <u>in</u> <u>part</u>, <u>and</u> <u>remanded</u>.

Beverly E. Torrence, George E. Torrence, Annette M. Torrence, and David A. Torrence, pro se appellants.

Monty McCay, Pamela R. McCay, and Shane E. Baker, pro se respondents.
_____

MELANSON, Judge

     Beverly E. Torrence, George E. Torrence, Annette M. Torrence, and David A. Torrence brought this quiet title action seeking easement rights for two roadways across the properties of

1

Monty McKay, Pamela R. McCay, and Shane E. Baker (respondents).[1]  Following a trial, the district court, sitting without a jury, entered judgment holding that the Torrences possessed an easement for one of the claimed roadways but not for the second roadway, awarded compensatory damages for interference with the easement, and dismissed their remaining claims. The Torrences appeal.  For the reasons stated below, we affirm in part, vacate in part, and remand.

## I.

## FACTS AND PROCEDURE

The following facts were set forth at trial and by the district court in its memorandum decision.  The properties at issue in this case were previously owned by B.C. Investments (BCI). Beginning in 1981, BCI subdivided its property into the parcels now owned by the parties.  The Torrences' parcels are located north of the McCays' parcel and a parcel owned by Richard Cole.[2] Baker's parcel lies just east of the Torrences' properties.

In 2007, the Torrences filed a quiet title action seeking easement rights for two roadways crossing the respondents' properties.  The first roadway, referred to as the main roadway, crosses the properties of the McCays and Cole to reach the Torrences' parcels.  The second roadway, referred to as the alternate roadway, travels across Baker's property to Annette Torrence's parcel.  In their complaint, the Torrences asserted that the McCays and Cole obstructed the Torrences' access to the main roadway and that Baker blocked Annette's access to the alternate roadway.  The Torrences requested that the district court quiet title to the easements over the two roadways and enjoin the respondents from interfering with the Torrences' right to use the roadways to access their properties.  The Torrences also requested compensatory and punitive damages.

The Torrences initially had counsel who drafted their complaint.  Thereafter, counsel withdrew and the Torrences chose to represent themselves.  The respondents were never

---

[1]     The Torrences also named Harry E. Baker as a defendant.  However, Harry passed away before this matter went to trial.  His son, Shane, was named in the lawsuit, participated at trial on behalf of the Baker property, and is a respondent on appeal.  In addition, after this appeal was filed but prior to oral argument, Monty McCay passed away.

[2]     Richard Cole was also named as a defendant by the Torrences and participated at trial. However, Cole passed away after the district court entered judgment.  In their brief on appeal, the respondents indicate that Cole's successors declined to participate in this appeal.

represented by counsel during the proceedings. After a bench trial, the district court entered judgment in favor of the Torrences, concluding that they possessed an express easement over the main roadway. The district court also enjoined the McCays and Cole from restricting or impeding the Torrences' access to the main roadway, awarded the Torrences compensatory damages, but declined to award punitive damages, costs, or attorney fees. The district court found that Annette Torrence had no easement rights to the alternate roadway. The Torrences appeal.

## II.

### STANDARD OF REVIEW

When an action has been tried to a court sitting without a jury, appellate review is limited to ascertaining whether the evidence supports the trial court's findings of fact and whether these findings support the court's conclusions of law. *Morris v. Frandsen*, 101 Idaho 778, 780, 621 P.2d 394, 396 (1980). The findings of fact of the trial court will be accepted if they are supported by substantial, competent evidence, though that evidence may be controverted. *Sun Valley Shamrock Res., Inc. v. Travelers Leasing Corp.*, 118 Idaho 116, 118, 794 P.2d 1389, 1391 (1990); *Rueth v. State*, 103 Idaho 74, 77, 644 P.2d 1333, 1336 (1982). The task of weighing evidence is within the province of the trial court, and we therefore accord great deference to the trial judge's opportunity to weigh conflicting testimony and to assess the credibility of witnesses. *Rueth*, 103 Idaho at 77, 644 P.2d at 1336; *PFC, Inc. v. Rockland Tel. Co., Inc.*, 121 Idaho 1036, 1038, 829 P.2d 1385, 1387 (Ct. App. 1992). It follows that this Court will view the evidence in the light most favorable to the prevailing party. *PFC, Inc.*, 121 Idaho at 1038, 829 P.2d at 1387; *Martsch v. Nelson*, 109 Idaho 95, 100, 705 P.2d 1050, 1055 (Ct. App. 1985). The findings of the trial court on the question of damages will not be set aside when based upon substantial and competent evidence. *Trilogy Network Sys., Inc. v. Johnson*, 144 Idaho 844, 846, 172 P.3d 1119, 1121 (2007).

## III.

### ANALYSIS

The Torrences raise a number of issues on appeal. First, the Torrences contend that the district court erred by failing to inform them of the court's trial procedures. Second, the Torrences assert that the district court failed to address their pretrial motion for default judgment. Third, the Torrences contend that the district court abused its discretion by failing to award

punitive damages and attorney fees. Beverly Torrence argues that the district court failed to accommodate her hearing impairment. Finally, Annette Torrence contends that the district court erred by concluding that she did not possess easement rights to the alternate roadway.[3]

## A. Claims of Error on Behalf of all of the Torrences

While the district court found that the Torrences possessed an express easement in the main roadway, they assert on appeal that the district court committed certain trial errors, including failing to prepare them for trial, failing to rule on a motion for default judgment, failing to award punitive damages, and failing to award costs and attorney fees.

### 1. Preparation for trial

The Torrences contend that the district court erred by not sufficiently preparing and accommodating them before and during trial. Specifically, the Torrences argue that, because they represented themselves at trial, the district court erred by not conducting a pretrial conference to familiarize the parties with the court's procedure.

Pro se litigants are held to the same standards as those litigants represented by counsel. *Golay v. Loomis*, 118 Idaho 387, 392, 797 P.2d 95, 100 (1990). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.*

Prior to trial, the district court explained:

> Now, I noticed you raised your hand, sir. You're not going to be able to just raise your hand and be heard. I'm going to conduct this trial no different than I would if lawyers were here. So I'll be telling you what we're gonna do in the order that we do it. But I'm here mostly to listen and it's each party's obligation to present their evidence. I'm prohibited by law from offering any advice so I won't be able to assist you with the procedures or the law or anything like that. And so I'll--but this is the way a trial normally works.

The district court then explained the stages of a trial, from opening statements to the presentation of rebuttal evidence. The court also allowed each party time to address preliminary matters. At

---

[3]     In their brief on appeal, the respondents argue that the district court's decision was ambiguous because it did not address the McCays' right to relocate the main roadway pursuant to I.C. § 55-313. In addition, the respondents assert that they were entitled to attorney fees as prevailing parties under I.C. § 12-121. The proper avenue for raising these issues is filing a cross-appeal from the district court's judgment. Because the respondents did not cross-appeal in this case, we will not address these issues further.

that time, the Torrences did not request further clarification of the court's explanation of trial procedures. During trial, the district court answered questions from the Torrences about trial procedure, but properly declined to offer legal advice. The district court also allowed the parties time at the conclusion of trial to negotiate a settlement outside the presence of the court. Therefore, the Torrences have failed to show that the district court erred by insufficiently preparing them for trial.

### 2. Motion for default judgment

The Torrences filed a motion for default judgment, arguing that the respondents did not participate in court-ordered mediation. On appeal, the Torrences contend that the district court erred by not addressing the Torrences' motion in its written decision or prior to trial.

Monty McCay filed a motion to dismiss prior to trial. During argument on the Torrences' motion for default judgment and McCay's motion to dismiss, the following exchange occurred between the district court, George Torrence, Monty McCay, Annette Torrence, and David Torrence:

| | |
|---|---|
| [George]: | I'm not sure that mediation would be fruitful. |
| [Court]: | Why didn't you file an objection to mediation when the judge ordered it? |
| [George]: | Well, at that time we were willing. You know, we thought it might be helpful. |
| [Court]: | Is that the same as you saying you're here now, you're ready for trial, you got all your exhibits? . . . |
| | . . . . |
| | You want to proceed with trial? |
| [George]: | I'm ready. |
| [Court]: | Do you want to take down your motion for default? |
| [George]: | Not unless they -- |
| [Court]: | What if they took down their motion [to dismiss]? |
| [George]: | If they took it down first, then I guess I would. |
| [Court]: | What's your position in that regard? |
| [Marty]: | I'm ready to present evidence. Take it down. |
| [Court]: | Okay. All plaintiffs agree with that posture of the case? |
| [Annette]: | Yes. |
| [George]: | I agree. |
| [David]: | Yes. |
| | . . . . |
| [Court]: | By stipulation, the plaintiffs' motion for default and defendants' motion [to dismiss] are withdrawn. And we're going to proceed with evidence after an opportunity for opening statements but first I need to ask if -- from the |

> plaintiffs -- any of the plaintiffs have any other preliminary matters?
>
> [George]:     That would be all that I have.

The Torrences' argument that the district court failed to address their motion for default judgment prior to trial is directly contradicted by the record. Because the Torrences stipulated to the withdrawal of their motion for default judgment, they have failed to show that the district court erred by failing to rule on the motion in the court's written decision or on the record prior to trial.

### 3.     Punitive damages

The Torrences argue that the district court erred by refusing to award punitive damages. To recover punitive damages, a party must prove, by clear and convincing evidence, oppressive, fraudulent, malicious, or outrageous conduct by the party against whom the claim for punitive damages is asserted. I.C. § 6-1604(1). "Punitive damages are not favored in the law and should be awarded in only the most unusual and compelling circumstances." *O'Neil v. Vasseur*, 118 Idaho 257, 265, 796 P.2d 134, 142 (Ct. App. 1990). The findings of the trial court on the question of damages will not be set aside when based upon substantial and competent evidence. *Trilogy Network Sys.*, 144 Idaho at 846, 172 P.3d at 1121.

The district court determined that the respondents intentionally interfered with the Torrences' property rights in the easement over the main roadway, which runs across the McCays' and Cole's properties. The Torrences argue that such interference was malicious due to a feud between Monty McCay and Beverly's sister.

At trial, the testimony regarding the respondents' reasons for blocking the main roadway was, at times, conflicting. For instance, Cole testified that he barricaded the main roadway because of a dispute with George Torrence's niece. Conversely, Cole also testified that he believed that the easement across his property was for utilities only and that he never denied the Torrences access because they were able to use another route to enter their properties. Monty McCay testified that he did not consider the Torrences' easement to be valid. Further, the majority of Monty McCay's testimony involved his confusion regarding the condition and location of the main roadway. Based on the record, it does not appear that the Torrences sufficiently proved that the respondents' conduct met the standard for an award of punitive

damages. Therefore, the district court's decision not to award the Torrences punitive damages was supported by substantial and competent evidence.

### 4. Costs and attorney fees in the district court

The Torrences argue that the district court erred by refusing to award them court costs and attorney fees.[4] Costs are awarded according to the Idaho Rules of Civil Procedure. I.C. § 12-101. Idaho Rule of Civil Procedure 54(d)(1)(A) provides that costs shall be allowed as a matter of right to the prevailing party or parties. The decision to award costs to the prevailing party in a civil action is within the sound discretion of the district court. *Caldwell v. Idaho Youth Ranch, Inc.*, 132 Idaho 120, 127, 968 P.2d 215, 222 (1998). In exercising its discretion, the district court must identify "which party to an action is a prevailing party." I.R.C.P. 54(d)(1)(B).

An award of attorney fees may be granted under I.C. § 12-121 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the proceeding was brought or defended frivolously, unreasonably, or without foundation. *Harris v. State, ex rel. Kempthorne*, 147 Idaho 401, 406-07, 210 P.3d 86, 91-92 (2009). In the absence of an abuse of discretion, the award will not be disturbed on appeal. *DesFosses v. DesFosses*, 122 Idaho 634, 638, 836 P.2d 1095, 1099 (Ct. App. 1992). The party disputing the award bears the burden of showing an abuse of discretion. *Hellar v. Cenarrusa*, 106 Idaho 571, 577, 682 P.2d 524, 530 (1984).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

Here, the district court held that there was no prevailing party and required the Torrences to pay their own costs of litigation. The Torrences argue that the district court abused its discretion by denying costs and attorney fees because the McCays and Cole gave incorrect testimony at trial and confused the identities of the Torrences' relatives. They further contend that, if this Court determines that they were the prevailing party, they must be entitled to attorney

---

[4] As discussed above, neither party in this matter was represented by an attorney at trial. However, the Torrences were represented by counsel at the time they filed their initial complaint.

fees. The latter argument implies that the Torrences do not agree with the district court's determination that they were not the prevailing parties below. However, the Torrences make no argument in support of such a contention and do not attempt to demonstrate how the district court erred in making its prevailing party determination. It appears from the record that the Torrences were awarded easement rights in the main roadway and compensatory damages but were also denied punitive damages. Thus, the Torrences have failed to establish that the district court abused discretion when it determined that they were not prevailing parties and declined to award costs and attorney fees. *See Harris*, 147 Idaho at 406-07, 210 P.3d at 91-92 (affirming district court's denial of attorney fees when party prevailed on two claims but lost on a damages claim).

## B.      Beverly's Hearing Impairment

Beverly Torrence contends that the district court erred when it did not accommodate her hearing impairment. The record reflects that the district court provided a hearing device for Beverly prior to trial. When Beverly was still having difficulty hearing, the district court offered to adjust the microphones in the courtroom and permitted Annette to write down what was being said for Beverly to read. The district court also informed the Torrences that, if they needed to temporarily stop the proceedings in order to write down what was being said, they could do so by raising their hand and notifying the court.

Throughout the trial, Beverly gave an opening statement, responded to questions from the court, examined witnesses, and raised objections. The district court was notified that Beverly was having difficulty hearing and allowed the Torrences to repeat the statements out loud or transcribe what was being said. In one instance, the district court repeated a witness's statement for Beverly during direct examination. Beverly argues that the district court failed to hold a proper pretrial proceeding to accommodate her hearing impairment. However, the Torrences did not provide the district court with notice of Beverly's hearing impairment prior to trial.[5]

---

[5]     The record on appeal contains the trial transcripts, the register of actions, the Torrences' complaint, the respondents' answers, the district court's decision, and the Torrences' notice of appeal. The register of actions states that a hearing was held prior to trial on the withdrawal of the Torrences' counsel. The register also indicates that the Torrences and the respondents filed trial briefs. However, the transcript of the prior hearing and the trial briefs were not included in the record on appeal. It does not appear from the record that a pretrial conference was held, or that the district court was given notice of Beverly's hearing impairment prior to trial.

Therefore, Beverly has failed to show that the district court failed to accommodate her hearing impairment.

**C.      Annette's Claim for an Easement in the Alternate Roadway**

Annette argues that the district court erred by determining that she did not possess easement rights to the alternate roadway. Testimony at trial demonstrated that the alternate roadway runs across Baker's land and connects the eastern portion of Annette's property to a major county road. Annette argues that she presented sufficient evidence at trial to prove that she possessed easement rights in the alternate roadway by virtue of an express easement, an implied easement, an easement by necessity, and a prescriptive easement.

Annette contends that she possesses an express easement in the alternate roadway because BCI, the original owner of her and Baker's current properties, expressly reserved an easement in the deed severing Baker's parcel from the original estate. Annette argues that she is the successor-in-interest to the express easement reserved by BCI, which passed with the land from BCI to Baker.

An easement is the right to use the land of another for a specific purpose that is not inconsistent with the general use of the property by the owner. *Hodgins v. Sales*, 139 Idaho 225, 229, 76 P.3d 969, 973 (2003). One who purchases land expressly subject to an easement, or with actual or constructive notice that it is burdened with an existing easement, takes the land subject to the easement. *Checketts v. Thompson*, 65 Idaho 715, 721, 152 P.2d 585, 587 (1944). An express easement may be created by way of reservation or by exception. *Akers v. D.L. White Constr., Inc.*, 142 Idaho 293, 301, 127 P.3d 196, 204 (2005). A valid easement must identify the land subject to the easement and express the intent of the parties. *Quinn v. Stone*, 75 Idaho 243, 246, 270 P.2d 825, 826 (1954).

Annette asserts that BCI conveyed what is now her property to Beverly's parents. Annette declares that she subsequently inherited her parcel from Beverly's parents and was later assigned it "by virtue of the chain of title." In its memorandum decision, the district court determined that BCI was a previous common owner of both Annette's property and the Baker property. The district court specifically stated that Annette owned the property described as:

> The West half of the East half of the Northeast quarter of the Southeast quarter (W2E2NW4SE4) Section Twenty-three (S23), Township 61 north (T61N), Range One West (R1W), Boise Meridian, (BM), Boundary County,

9

Idaho, less (50) feet along Southern boundary, Property is bona fide gift to a family member.

In addition, the district court found that the alternate roadway traveled across the Baker property:

> The Alternate Roadway travels the same path as the Main Roadway but branches off and heads northerly when the Main Roadway turns to the west after leaving the Bigham parcel. . . . The Survey depicts the location of the centerline of the Alternate Roadway until it crosses onto the Baker Parcel. . . . The road to the Torrence properties is the one to the west at the Y in the roadway. Once the Alternate Roadway crosses onto the Baker parcel it turns westerly and leads to the Torrence Parcels. The portion of the Alternate Roadway that crosses the Baker parcel is confined to the southwestern corner of the property.

At trial, in support of Annette's argument that she possessed an express easement across the alternate roadway, she presented the deeds in Baker's chain of title. The deeds demonstrated that, in 1981, BCI severed what is now Baker's parcel from the original estate and conveyed it to George and Sherrille Lehman. The deed conveying land from BCI to the Lehmans expressly reserved an easement in BCI across what is now Baker's land:

> RESERVING unto the grantor, its successors, heirs and assigns, a perpetual easement for roadways and utilities across the above-described property . . . .

The Lehmans subsequently transferred their property to Bob and Joanne Mastre, who later transferred the property to Baker.

Despite the district court's finding that BCI was the original owner of the Baker and Torrence parcels, its finding that Annette was the owner of the parcel benefited by the easement over the alternate roadway, and the express language in the record reserving an easement for the BCI property (now owned by Annette) across what is now Baker's land, the district court held:

> The plaintiffs have not proved easement rights in the Alternate Roadway by virtue of express easement. . . . This failure of proof of an express easement over the Alternative Roadway results from the fact that sufficient detail of the transfers of title to the alleged dominant and servient estates have not been adequately proved to show that the plaintiffs are entitled to an express easement over the Alternative Roadway.

This holding is not supported by the record and conflicts with the district court's findings of fact.

The express easement across the alternate roadway originated in the severance of what is now Baker's property from the original BCI parcel. In the original deed from BCI to the

10

Lehmans, BCI reserved a perpetual easement for roadway and utilities across the Baker property and expressed the intent of the parties to create a perpetual easement for BCI's heirs, successors, and assigns. At trial, Annette offered Baker's chain of title, demonstrating that the express easement created in the Lehman deed passed with the land from the Lehmans to the Mastres and from the Mastres to Baker. Thus, the existence of the easement across the servient Baker parcel is evidenced by those written transfers of title.

The district court explicitly found that Annette was a successor of BCI when it stated in its findings of fact that BCI was the original common owner of all of the properties at issue in this matter. Annette's ownership of the dominant parcel, adjacent to and benefitting from the easement over the Baker parcel, was neither disputed at trial nor on appeal. A transfer of real property passes all easements transferred thereto. I.C. § 55-603.

Therefore, the district court erred by concluding that Annette failed to present sufficient evidence to prove an express easement in the alternate roadway. Because we determine that Annette sufficiently established the existence of an express easement across the alternate roadway and her ownership of the dominant estate, we need not address Annette's remaining claims that she possessed an implied easement by prior use, an easement by necessity, or an easement by prescription. In light of our decision that the district court erred when it found that Annette Torrence did not possess easement rights in the alternate roadway, we remand to the district court for the entry of a judgment in favor of Annette. In addition, because we conclude that the district court erred, we also remand for a determination of whether Annette was a prevailing party for the purposes of awarding costs and attorney fees before the district court.

### D.    Costs and Attorney Fees on Appeal

Costs shall be awarded as a matter of course to the prevailing party on appeal unless otherwise provided by law or this Court. I.A.R. 40(a). Beverly, George, Annette, and David failed on their other issues on appeal regarding the main roadway, including their claims for punitive damages and claims that the district court did not adequately prepare them for trial. As a result, Pamela McCay is the prevailing party and is awarded costs on appeal. Annette prevailed on her express easement claim on appeal, but did not prevail on her claim that she should have been awarded punitive damages. Finally, Shane Baker did not prevail on appeal due to our determination that Annette sufficiently demonstrated an express easement across Baker's property.

11

The Torrences, Pamela McCay, and Baker request attorney fees on appeal. It is the general rule in Idaho that a statutory award of attorney fees may not be awarded to pro se litigants. *Bell v. Bell*, 122 Idaho 520, 529, 835 P.2d 1331, 1340 (Ct. App. 1992). *See also Swanson & Setzke, Chtd. v. Henning*, 116 Idaho 199, 200-01, 774 P.2d 909, 910-11 (Ct. App. 1989). The parties to this matter each appeared before this Court pro se. Therefore, no attorney fees will be awarded on appeal.

## IV.
## CONCLUSION

The Torrences have failed to demonstrate that the district court inadequately prepared them for trial. In addition, because the Torrences withdrew their motion for default judgment prior to trial, they have not established that the district court erred by failing to address it in its written decision or on the record. The district court did not abuse its discretion when it declined to award attorney fees to Beverly, George, or David below. Further, the district court did not abuse its discretion when it declined to award the Torrences punitive damages. Beverly has failed to establish that the district court erred by refusing to accommodate her hearing impairment. However, the district court erred by concluding that Annette did not sufficiently demonstrate an express easement in the alternate roadway across Baker's property.

Accordingly, the judgment is affirmed in part, vacated in part, and remanded to the district court for the entry of judgment consistent with this opinion and a determination of whether costs and attorney fees should be awarded to Annette. Costs are awarded to Pamela McCay on appeal.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**