**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45299**

| | |
|---|---|
| JAY CLARK, | ) |
| | ) **Filed: June 27, 2018** |
| Plaintiff-Appellant, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BRENDA WRIGHT, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Jonathan Medema, District Judge.

Judgment dismissing complaint in quiet title action, affirmed.

Jay Clark, Middleton, pro se appellant.

Brenda Wright, Hammett, pro se respondent.

_____

LORELLO, Judge

Jay Clark appeals from a judgment dismissing his complaint in a quiet title action. Specifically, Clark argues that the district court erred in finding that Clark had failed to establish his ownership in the property and in dismissing his complaint. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

This case involves a property dispute between Clark and Brenda Wright. The district court found the following facts based on the evidence presented at trial. The property at issue in this case was previously owned by C & H Properties, LLC. Clark is a managing member of C & H. In 2005, C & H entered into an agreement for the sale of property to Wright. The property was described as follows:

1

Lots 1-6 of Blocks 32 and Lots 5-6 of Block 33 of Medbury Townsite, as the same appears upon the official plat thereof prior to the vacation of said plat, which said plat is filed for record in the office of the recorder of Elmore County, Idaho, together with such portions of streets and alley ways as reverted to the owners of said lots at the time of the vacation of said plat, together with appurtenances.

In addition, the agreement contained the following provision:

Appurtenant to the above described real property is an easement across the neighboring property known as 165 S. Davis E., Hammett, Idaho, for water delivery, shared well water and pump rights and utilities as necessary for full enjoyment and habitation of said property.

In 2007, Clark, on behalf of C & H, recorded an amended warranty deed that did not include the language, "together with such portions of streets and alley ways as reverted to the owners of said lots at the time of the vacation of said plat, together with appurtenances," as specified in the original agreement. The amended warranty deed was instead limited to conveying only the lots.

There are two manufactured homes on Block 33. One of the manufactured homes is located somewhere between Lots 1 through 4 and was rented to an individual named Garcia. The second manufactured home is owned by Clark and is located on Lots 5 and 6. Wright's home is located on Block 32, Lots 5 and 6. There is a fence line located either in Lot 6 of Block 33 or on an area referred to on a plat map as "Second Avenue North," which runs between Blocks 32 and 33.[1] From 2006 to 2013, Wright and the tenants of the manufactured homes on Block 33 generally treated the fence line as the boundary between Wright's property and C & H's property.[2] There is also a well that services all three homes on Blocks 32 and 33. The well is located between the fence line and Clark's home on Block 33.

In 2009, Wright had a survey conducted on her property. The surveyor concluded that the Clark home was located on Lots 5 and 6 of Block 33, which (according to the sales

---

[1] The district court was unable to determine the location of the fence line with more exactitude based on the evidence presented.

[2] It is unclear what was considered C & H's property in relation to the fence line since both the 2006 sales agreement and the 2007 amended warranty deed conveyed Lots 1-6 of Block 32 and Lots 5-6 of Block 33 to Wright, and the fence line runs somewhere between Blocks 32 and 33.

agreement and amended warranty deed) belonged to Wright. In October 2013, Wright demanded that C & H or Clark remove the Clark manufactured home from the property. In 2014, Wright began removing property from around the well and began attempting to restrict access to the well by the tenants who lived on Block 33. Also in 2014, an assignment of disputed real property rights was executed between C & H and Clark. The assignment reads:

> WHEREBY, C & H Properties LLC (Assignor) hereby agrees to assign its rights to Jay Clark, (Assignee) per this agreement, Dated June 2nd, 2014, as follows:
> 1. Assignor owns real property near the town of Hammett, Idaho with the commonly known address of 165 S. Davis Road, Hammett, Idaho. While the real property has also been described by the legal description as Lots 3 and Lots 4, Block 33 of the Medbury Townsite, a plat map that has at least partially vacated, the real property in question has been historical[ly] defined by boundary fences that adjoin real property owned by Brenda Wright to the south and by Joel and Maria Garcia to the north.
> 2. While Assignor had previously benefited from the quiet enjoyment of its property for many years, it has become known very recently that there [now] exists a claim by Brenda Wright, however wantonly, for additional land exceeding the previously agreed upon boundary fence between her and the Assignor. It is the disputed area of property between the uncertain location of Lots 3 and 4, Block 33 and the fence line with the adjoining neighbor Brenda Wright to the south that the Assignor hereby assigns, forever, to assignee.
> 3. In consideration for this assignment Assignee agrees to pay for all legal costs and all other costs arising from whatever may be necessary for Assignee to resolve and secure these disputed real property rights. For this consideration provided by Assignee, Assignee then may be granted full property rights to this disputed property or as may be resolved by a court of competent jurisdiction that may hear this dispute.
> 4. This agreement will inure and be binding on the parties herein and their heirs, devisees, and successors, respectively.

Five months later, in November 2014, Clark filed suit against Wright seeking to quiet title in the "disputed area of property" described in the foregoing document, *i.e.*, the property "between the uncertain location of Lots 3 and 4, Block 33 and the fence line."[3] Clark claimed there was a mutual mistake of fact in the property description in the deed from C & H to Wright. According to Clark, the description should not have included the portion of land on which his

---

[3] Clark's complaint also alleged claims for conversion and breach of an alleged well-sharing agreement between Wright and C & H. Clark dismissed these claims at trial.

manufactured home and the well are located (Lots 5 and 6 of Block 33). Clark asked the district court to reform the amended warranty deed to correct the "mutual mistake" and to designate the fence line as a boundary by agreement. Wright denied there was any mistake regarding the property description and asserted her rights to Lots 5 and 6 of Block 33, the entirety of Block 32, and the land between the two blocks. After a bench trial, the district court entered judgment in favor of Wright and dismissed Clark's complaint. Clark appeals.[4]

## II.

## STANDARD OF REVIEW

When an action has been tried to a court sitting without a jury, appellate review is limited to ascertaining whether the evidence supports the trial court's findings of fact and whether these findings support the court's conclusions of law. *Morris v. Frandsen*, 101 Idaho 778, 780, 621 P.2d 394, 396 (1980). The findings of fact of the trial court will be accepted if they are supported by substantial, competent evidence, though that evidence may be controverted. *Sun Valley Shamrock Res., Inc. v. Travelers Leasing Corp.*, 118 Idaho 116, 118, 794 P.2d 1389, 1391 (1990); *Rueth v. State*, 103 Idaho 74, 77, 644 P.2d 1333, 1336 (1982). The task of weighing evidence is within the province of the trial court, and we therefore accord deference to the trial judge's opportunity to weigh conflicting testimony and to assess the credibility of witnesses. *Rueth*, 103 Idaho at 77, 644 P.2d at 1336; *PFC, Inc. v. Rockland Tel. Co., Inc.*, 121 Idaho 1036, 1038, 829 P.2d 1385, 1387 (Ct. App. 1992). It follows that this Court will view the evidence in the light most favorable to the prevailing party. *PFC, Inc.*, 121 Idaho at 1038, 829 P.2d at 1387; *Martsch v. Nelson*, 109 Idaho 95, 100, 705 P.2d 1050, 1055 (Ct. App. 1985). The findings of the trial court on the question of damages will not be set aside when based upon substantial and competent evidence. *Trilogy Network Sys., Inc. v. Johnson*, 144 Idaho 844, 846, 172 P.3d 1119, 1121 (2007).

---

[4] Clark and Wright appeared pro se in district court and are proceeding pro se on appeal. However, according to the district court, Clark is an attorney who is not currently licensed to practice law in the state of Idaho.

# III.

## ANALYSIS

Clark identifies five separate issues on appeal. Clark contends the district court erred by: (1) dismissing his claims based on lack of standing; (2) making additional factual findings on the merits after dismissing Clark's claim based on lack of standing; (3) finding that the assignment between Clark and C & H was inadequate as a matter of law; (4) considering the merits despite Clark's lack of standing on the basis that Clark represented C & H; and (5) making inconsistent findings with respect to whether the fence line was a boundary by agreement. Wright asks this Court to affirm the dismissal of Clark's claims and award her $900,000 in damages, plus the costs of digging a new well. We affirm the district court and deny Wright's request for monetary relief.

## A.     Quiet Title Claim

Although Clark states five separate issues in his appellant's brief, the argument section of his brief does not clearly track these issues. We will only address the issues for which Clark has provided argument and authority. *See Everhart v. Wash. Cty. Rd. & Bridge Dep't*, 130 Idaho 273, 274-75, 939 P.2d 849, 850-51 (1997). Clark's initial argument is that the district court erred by dismissing his quiet title claim based on lack of standing. Clark contends that he could pursue a claim for quiet title in the subject property based on the 2014 assignment and, even if he could not, the district court erred by dismissing the claim without first giving him the opportunity to amend the complaint to include C & H as the real party in interest. Clark relies on I.C. § 55-402 to support his assertion that C & H could assign him the right to quiet title without deeding him the property. Idaho Code Section 55-402 involves the transfer and devolution of personal property and has no bearing on the purported transfer of real property in this case. Moreover, the plain language of the assignment does not support Clark's claim that the attempted transfer of property from C & H to him was for the purpose of assigning a disputed right or cause of action. Rather, the assignment purported to convey to Clark "full property rights to th[e] disputed property," and Clark asked the district court to quiet title in that property to him. Clark cannot now claim, for the first time on appeal, that his interest in the disputed property was something less than the interest he asserted in the district court. *See Sanchez v. Arave*, 120 Idaho 321, 322,

815 P.2d 1061, 1062 (1991) (issues not raised below may not be considered for the first time on appeal).

Clark alternatively argues that the district court erred by not giving him the opportunity to amend his complaint prior to dismissal in order to include C & H as a party pursuant to I.R.C.P. 17(a). Rule 17(a)(1) requires an action to be prosecuted in the name of the real party in interest. Subsection (a)(3) of the rule provides:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

With respect to C & H's participation in the lawsuit, the district court stated:

> Resolution of this dispute is somewhat complicated in the Court's mind by the fact that C & H has never appeared in this lawsuit. That appears to have been an intentional decision by Mr. Clark. Nonetheless, Mr. Clark and C & H are separate entities under the law. . . . Neither party has contended that C & H is a necessary party to this dispute. C & H clearly has notice of the action given Mr. Clark appears to be a managing member. Therefore, the Court will decide the issue without C & H appearing. The Court will separate, however, claims by Mr. Clark as the asserted owner of "[t]he disputed area of property between the uncertain location of Lots 3 and 4, Block 33 and the fence line with the adjoining neighbor Brenda Wright to the South" and claims that Mr. Clark appears to be attempting to assert on behalf of C & H.

The district court also noted that it appeared Clark arranged the 2014 assignment "in an apparent attempt to bring suit without having to pay an attorney" because limited liability companies, like C & H, may only appear before a judicial body through a licensed attorney. The district court's decision reflects that the error Clark now claims under I.R.C.P. 17(a) was essentially invited. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *Thomson v. Olsen*, 147 Idaho 99, 106, 205 P.3d 1235, 1242 (2009). One may not complain of errors one has consented to or acquiesced in. *Id.* In short, invited errors are not reversible. *Id.* Although Clark contends that the "first indication made by the lower court that there was an issue as to who was the correct party" was in the district court's memorandum decision, Clark has not supported this assertion with any evidence from the record other than a citation to Wright's answer in which she does not object to the absence of C & H. It is the responsibility of the appellant to provide a sufficient

6

record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id.* There are no transcripts included in the record on appeal. As such, there is no basis for this Court to reject the district court's conclusion that Clark made an intentional decision to not include C & H as a party. We also note that the purpose of I.R.C.P. 17(a) is to prevent forfeiture of a claim when determination of the proper party is difficult or when an understandable mistake has been made in selecting the party plaintiff. *Conda P'hip, Inc. v. M.D. Constr. Co., Inc.*, 115 Idaho 902, 904, 771 P.2d 920, 922 (Ct. App. 1989). There is no evidence in this record to suggest that determination of the proper party was difficult or that there was an understandable mistake in selecting the party plaintiff. The district court found to the contrary.

Even if Clark should have been given an opportunity to reconsider his decision to not include C & H as a party, he cannot show prejudice resulting from the district court's alleged failure to give him that opportunity. At any stage of a proceeding, Idaho courts are to disregard all errors and defects that do not affect any party's substantial rights. I.R.C.P. 61. Consequently, because an appellant can only prevail if the claimed error affected a substantial right, the appellant must present some argument that a substantial right was implicated. *Hurtado v. Land O'Lakes, Inc.*, 153 Idaho 13, 18, 278 P.3d 415, 420 (2012). Clark has failed to show any prejudice related to the alleged lack of an opportunity to amend his complaint to add C & H as a party because, despite the district court's determination that the 2014 assignment was insufficient to convey any interest in the property, the district court considered and rejected the merits of Clark's assertion that the amended warranty deed between C & H and Wright should be reformed based on an alleged mutual mistake of fact. The district court also considered and rejected the merits of Clark's assertion that the fence line became a boundary by agreement.[5]

---

[5] The district court considered the merits of Clark's assertions as if Clark "had in fact received title from C & H." Although Clark claims the assignment allowed him to pursue this action, he complains about the district court's consideration of the merits after ruling that the assignment was invalid. The point of Clark's argument in this regard is unclear. Clark cites no authority for the proposition that the district court erred by doing so. A party waives an issue on appeal if either argument or authority is lacking. *Powell*, 130 Idaho at 128, 937 P.2d at 440.

Because the district court considered Clark's claims that Wright did not or should not have title to the disputed property, Clark was not prejudiced by the inability to amend under I.R.C.P. 17(a).

As to the district court's decision on the merits, Clark asserts several errors related to the district court's consideration of the evidence presented at trial and claims the district court made "serious factual errors." However, as noted, Clark failed to include the transcript of the trial proceedings in the record on appeal. While Clark's briefing is replete with references to evidence other than the exhibits, which are included in the record, his assertions regarding that evidence are unsupported by citations to the transcript as required by I.A.R. 35(a)(6) because there are no transcripts. We will not presume error by the district court based on Clark's unsupported arguments. Clark has failed to show any error in the district court's dismissal of his quiet title complaint.

**B.      Wright's Request for Monetary Damages**

In her responsive brief, Wright asks this Court to award her $900,000 in damages, plus the costs of digging a new well. Wright's request is not properly before this Court because it was not a claim raised to or adjudicated by the district court. Wright's request for a damages award is, therefore, denied. However, because Wright is the prevailing party, she is entitled to the costs on appeal that are authorized by I.A.R. 40.

**IV.**

**CONCLUSION**

The district court's judgment dismissing Clark's complaint is affirmed. Costs on appeal are awarded to Wright as the prevailing party.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR**.

8